[No. E003208. Fourth Dist., Div. Two. Mar. 18, 1987.]

SUNRISE COUNTRY CLUB ASSOCIATION, INC., Plaintiff and Respondent, v.
ERNEST PROUD et al., Defendants and Appellants.

COUNSEL

Ronald R. Easton for Defendants and Appellants.

Bock & Stoddard and Leonard A. Bock for Plaintiff and Respondent.

OPINION

KAUFMAN, J.—Defendants Ernest Proud, Carol Proud, Bert Gassman and Mildred Gassman appeal from a judgment determining a declaration of

covenants, conditions and restrictions (CC&Rs) affecting a condominium development and a notice of association rules and designation of adult and family regions issued pursuant thereto are valid and enforceable and enjoining defendants from violating the provisions thereof.

*Facts*

Sunrise Country Club is a sizable condominium development in Rancho Mirage consisting of some 746 condominium units. It has 21 swimming pools. Plaintiff Sunrise Country Club Association, Inc. (the Association) is a nonprofit corporation in the nature of a homeowners' association and is the managing body of the condominium development.

Article 6.7 of the CC&Rs recorded in 1973 is entitled "Association Rules" and provides in relevant part: "The Board [board of directors] shall adopt, amend, enforce and repeal such rules and regulations as shall be necessary and proper for the operation of the Common Area and all Association Property (the 'Association Rules'). . . . At the outset, with respect to each Phase or portion of a Phase, the Association Rules shall contemplate Residential Common Area uses in each case establishing the character of such Phase or portion of a Phase as being wholly an 'adult' community or a 'family' community. The Association Rules shall define the features, the existence or absence of which shall determine whether a Phase or portion of a Phase is to be considered an 'adult' community or a 'family' community."

Pursuant to section 6.7 of the CC&Rs the board of directors of Sunrise Country Club Association, Inc. caused to be recorded on December 20, 1976, a "NOTICE OF ASSOCIATION RULES AND DESIGNATION OF 'ADULT' AND 'FAMILY' REGIONS AFFECTING: [¶] All of Tract 5031 " with the exception of certain enumerated lots.

Attached to the recorded notice was a copy of the Association Rules (Rules) which provided in relevant part that all of tract 5031 except for the enumerated lots "are divided into separate regions which are officially designated by the Board of Directors of the SUNRISE COUNTRY CLUB ASSOCIATION, INC., as either '*Adult*' or '*Family*' areas. All condominiums are subject to certain rules and use restrictions. Condominiums in '*Adult*' areas must never be sold or rented to persons with children under 16 years of age; and owners and personal guests of owners may have children reside in '*Adult*' areas for brief periods, but the children under 16 years of age must not use the '*Adult*' swimming pools. Children should be taken to any '*Family*' swimming pool, or to the large clubhouse pool."

The result of these instruments is that Sunrise Country Club is divided into "Adult" regions comprising 331 units with 10 swimming pools and "Family" regions comprising 415 units with 11 swimming pools.

Although units were available in the "Family" regions, on March 23, 1984, defendants purchased a condominium unit at 81 La Cerra Drive within an "Adult" region of Sunrise Country Club. Defendants Bert and Mildred Gassman are apparently the parents of defendant Carol Proud. At the time they purchased the property apparently neither the Gassmans nor the Prouds had children under the age of 16 years. However, after purchasing the unit Mr. and Mrs. Proud commenced adoption proceedings for Kimberly, age five at the time of trial, and have also become the court-appointed guardians of Jacob, age two at the time of trial. Mr. and Mrs. Proud now reside in the condominium unit with the two minors, and as found by the trial court, the defendants have intentionally violated the CC&Rs and the Association Rules by permitting the minors to reside in the unit at 81 La Cerra Drive and by permitting the minors to use the adult swimming pools rather than the family swimming pools.

The injunction issued by the court restrained defendants and their privies from permitting minors under the age of 16 to reside in the unit and from permitting such minors to use any of the adult swimming pools. The court further found defendants' use of their condominium unit in violation of the CC&Rs and the Rules constitutes both a breach of contract and a nuisance.

### Contentions, Issues and Discussion

Defendants contend section 6.7 of the CC&Rs and the portion of the Association Rules designating separate adult and family regions are invalid because they are in violation of the Unruh Civil Rights Act, Civil Code section 51 et seq. (All further statutory references will be to the Civil Code unless otherwise specified.) The Association contends that a homeowners' association such as it is not a business establishment within the meaning of Civil Code section 51 and urges that the decision to the contrary in *O'Connor v. Village Green Owners Assn.* (1983) 33 Cal.3d 790 [191 Cal.Rptr. 320, 662 P.2d 427] should be reexamined. Failing that, the Association contends the Unruh Civil Rights Act does not prohibit reasonable differences in treatment or accommodations afforded based on actual characteristic differences or differences in needs of users, but only unreasonable, arbitrary or invidious discrimination.

This court, of course, has no authority to reexamine decisions of the California Supreme Court, but in our view no reexamination of the *O'Connor* decision is required for the decision of this appeal. ■ We agree with the

Association and the trial court that the Unruh Civil Rights Act prohibits only unreasonable, arbitrary or invidious discrimination, not differential treatment based on actual characteristic differences or differences in need of users. As the California Supreme Court had occasion to point out in a different context in *J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 31 [160 Cal.Rptr. 710, 603 P.2d 1306]: " '[I]t is as old in philosophy at least as Aristotle, and it is settled in the law as well, that the application of an apparently uniform rule may in reality engender unfair discrimination when like measures are applied to unlike cases.' " (*Id.,* quoting from *International Union of E., R. & M. W., AFL-CIO* v. *N.L.R.B.* [*Tiidee Products*] (D.C. Cir. 1970) 426 F.2d 1243, 1250.)

The Association points out that Civil Code section 51 does not on its face prohibit discrimination on the basis of age, declaring unlawful only discrimination by business establishments on the basis of sex, race, color, religion, ancestry or national origin. It also urges that Civil Code section 51.2 prohibiting business establishments from discriminating in the sale or rental of housing on the basis of age, which was enacted in 1984 to become effective January 1, 1985, cannot be applied retroactively to impair the contractual rights of other Sunrise Country Club homeowners created by the CC&Rs and Association Rules. Defendants counter with the argument that such contractual rights can be lawfully impaired by the state in the proper exercise of its police power. We do not believe, however, that it is necessary to get enmeshed in these issues because the Unruh Civil Rights Act does not purport to prohibit all differences in treatment or accommodations offered, only unreasonable, arbitrary or invidious discrimination. (See *Koire* v. *Metro Car Wash* (1985) 40 Cal.3d 24, 30-31, 37-38 [219 Cal.Rptr. 133, 707 P.2d 195]; *O'Connor* v. *Village Green Owners Assn., supra,* 33 Cal.3d 790, 794; *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 736, 737, 741-743 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].)

As stated in *Koire,* "Although the Unruh Act proscribes 'any form of arbitrary discrimination' (*O'Connor* v. *Village Green Owners Assn.* (1983) 33 Cal.3d 790, 794 [191 Cal.Rptr. 320, 662 P.2d 427]), certain types of discrimination have been denominated 'reasonable' and, therefore, not arbitrary. . . . [¶] In certain contexts, it has been said that the Act is inapplicable to discrimination between patrons based on the 'nature of the business enterprise and of the facilities provided.' (*O'Connor* v. *Village Green Owners Assn., supra,* 33 Cal.3d at p. 794, see *Marina Point, supra,* 30 Cal.3d at p. 741; *Wynn* v. *Monterey Club* (1980) 111 Cal.App.3d 789, 796-798 [168 Cal.Rptr. 878 ].)" (*Koire* v. *Metro Car Wash, supra,* 40 Cal.3d at p. 30; see also *Ross* v. *Forest Lawn Memorial Park* (1984) 153 Cal.App.3d 988, 993 [203 Cal.Rptr. 468, 42 A.L.R.4th 1049].)

The trial court determined and we agree that the division of Sunrise Country Club into adult and family regions where over one-half the living units and swimming pools are designated for family use does not constitute an unreasonable or arbitrary age discrimination. First and foremost there is no blanket exclusion of children under the age of 16 (hereafter children) from Sunrise Country Club; some 415 units out of 746 are designated for families with children. Families with children have the use of at least 11 swimming pools and it is not unreasonable or arbitrary to set aside 10 swimming pools for use by adults only. The absence of a total exclusion and the reasonable provision of housing and recreational facilities for families with children make this case fundamentally distinguishable from *O'Connor* v. *Village Green Owners Assn., supra,* 33 Cal.3d 790 and *Marina Point, Ltd.* v. *Wolfson, supra,* 30 Cal.3d 721. In both those cases the exclusion sought to be enforced was complete and absolute. The decision of this court in *Park Redlands Covenant Control Committee* v. *Simon* (1986) 181 Cal.App.3d 87 [226 Cal.Rptr. 199] also involved a complete and absolute exclusion and is therefore inapplicable.

In addition, the evidence disclosed a surplus of family housing accommodations in the cities of Rancho Mirage and Palm Desert and there was evidence that children playing in streets of the family areas are in less danger of injury than in the adult area and that children's welfare and health is promoted by their not using the adult jacuzzis. Finally, there was evidence that the adult areas were largely populated by retired or semiretired adults.

As pointed out by the court in *Koire,* "Numerous statutes in California provide for differential treatment of children and adults. (See, e.g., Welf. & Inst. Code, § 200 et seq. [the Arnold-Kennick Juvenile Court Law]; Civ. Code, § 1556 [limitation on minors' capacity to contract]; Veh. Code, § 12507 [no person under 16 years of age may be licensed to drive].)" (*Koire, supra,* 40 Cal.3d 24, 37; see also *O'Connor* v. *Village Green Owners Assn., supra,* 33 Cal.3d 790, 800-801 [dis. opn. of Mosk, J., concurred in by Richardson, J.].)

■ The appeal does present one problem not addressed by the parties in their briefs but raised and discussed at oral argument. Although the injunction issued by the court only restrained defendants from permitting minors under the age of 16 to reside in the unit and from permitting such minors to use the adult swimming pools, in the declaratory portion of the judgment the court declared valid both the CC&Rs and the Association Rules. The rules contain a prohibition against the sale or rental of condominiums in adult areas to persons with children under the age of 16 years. The prohibition against rental, interpreted as a prohibition against rental for occupancy by families with children under the age of 16 years is rationally related to

purposes of the restriction and is reasonable. However, as this court pointed out in *Laguna Royale Owners Assn.* v. *Darger* (1981) 119 Cal.App.3d 670, 685 [174 Cal.Rptr. 136] ownership of a condominium has no necessary relationship to its use. Persons may own a condominium unit for investment purposes or for use by less than all members of a family. Thus, the outright prohibition on sale of a condominium to an owner having children under the age of 16 years may not be upheld. The judgment must be modified accordingly.

## Disposition

The judgment is modified to provide that the CC&Rs and the Association Rules are valid except to the extent the rules contain an outright prohibition on ownership of a condominium in an adult area by an owner having children under 16 years of age. As so modified the judgment is affirmed. Respondent shall recover costs on appeal.

Campbell, P. J., and McDaniel, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 3, 1987. Kaufman, J., did not participate therein.