37 Cal.Rptr.3d 859 (2006)
135 Cal.App.4th 1171
Reyna PIZARRO et al., Plaintiffs and Appellants,
v.
LAMB'S PLAYERS THEATRE, Defendant and Respondent.
No. D045890.
Court of Appeal, Fourth District, Division One.
January 24, 2006.
The Rava Law Firm and Alfred G. Rava, Cardiff-By-The-Sea, for Plaintiffs and Appellants.
Stormoen & Associates, Ron A. Stormoen, San Diego, CA, for Defendant and Respondent.
*860 McDONALD, J.
Plaintiffs Reyna Pizarro, Imee Torres, Patricia Pizarro and Diana Burgos (collectively plaintiffs), sued defendant Lamb's Players Theatre (defendant), on behalf of themselves and the general public, for violations of the Unruh Civil Rights Act (the Act; Civ.Code, § 51 et seq.), the unfair competition laws (Bus. & Prof.Code, § 17200 et seq.) and for negligent hire, supervision and retention. The trial court sustained defendant's demurrer to the complaint without leave to amend and dismissed the action. Plaintiffs timely filed this appeal. We affirm, concluding the age-based ticket price discounts offered by defendant were not arbitrary, and therefore did not violate the Act.

FACTUAL AND PROCEDURAL HISTORY
Defendant is a local San Diego theater company, which produced a musical called "Boomers" at the Lyceum Theater in downtown San Diego in 2004. Defendant advertised Boomers as the "Musical Revue of a Generation." On Wednesday nights, defendant held a "Boomer Night" promotion, which provided individuals born between 1946 and 1964 with admission at one-half the price they would otherwise pay. Full price adult tickets ranged from $28 to $42, depending on the section of the theater and day of the week.
On Wednesday, August 11, 2004, plaintiffs attended the Boomers production. Two plaintiffs were minors and received the children's discount, paying $20.00 per ticket. Two plaintiffs were adults not born between 1946 and 1964 who paid $28.00 per ticket. Plaintiffs were not given the half-price discount from the regular price admission even though it was requested.
Plaintiffs' complaint contained four causes of action: (1) violations of Civil Code section 51 for age discrimination; (2) violations of Civil Code section 51.5 for age discrimination; (3) unfair competition under Business and Professions Code section 17200 relating to age discrimination; and (4) negligent hiring supervision and retention *861 relating to age discrimination. Defendant filed a general demurrer, which the trial court sustained without leave to amend; the court then dismissed the complaint. Plaintiffs appeal the judgment entered by the trial court.

DISCUSSION
We conclude that offering discount admission prices to "baby-boomers" to attend a musical about that generation does not involve an arbitrary class-based generalization protected by the Act. The Act provides:
"All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ.Code, § 51, subd. (b).)
The objective of the Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination. (Sunrise Country Club Assn. v. Proud (1987) 190 Cal.App.3d 377, 381, 235 Cal.Rptr. 404.) Therefore, the Act applies not merely in situations where businesses exclude individuals altogether, but where treatment is unequal. (Koire v. Metro Car Wash (1985) 40 Cal.3d 24, 29, 219 Cal.Rptr. 133, 707 P.2d 195) Unequal treatment includes offering price discounts on an arbitrary basis to certain classes of individuals. (Ibid.) Where a business provides discounts based on classes of persons, the test used to determine whether there has been a violation of the Act is whether the discount involves an arbitrary class-based generalization. (Starkman v. Mann Theatres Corp. (1991) 227 Cal.App.3d 1491, 1497, 278 Cal.Rptr. 543 (Starkman).)
"[C]ertain types of discrimination have been denominated `reasonable' and, therefore, not arbitrary." (Koire v. Metro Car Wash, supra, 40 Cal.3d at p. 30, 219 Cal.Rptr. 133, 707 P.2d 195.) One basis relied on by the courts for upholding discriminatory practices as nonarbitrary is when a strong public policy exists in favor of disparate treatment. (See Starkman v. Mann Theatres Corp., supra, 227 Cal.App.3d at p. 1497, 278 Cal.Rptr. 543; Koire, at p. 31, 219 Cal.Rptr. 133, 707 P.2d 195; Marina Point, Ltd. v. Wolfson (1982) 30 Cal.3d 721, 742-743, 180 Cal.Rptr. 496, 640 P.2d 115.)
Age discrimination may violate the Act if used as an arbitrary class-based generalization. Although the Act sets forth several categories of persons covered by the statute, the Supreme Court of California has deemed these express categories as illustrative rather than restrictive, and has construed the act to apply to several unexpressed classifications based on personal characteristics. (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1152, 278 Cal.Rptr. 614, 805 P.2d 873.) Courts have found age to be a category that, although not mentioned in the Act, may be a characteristic reached by the Act when it is used as an arbitrary class-based generalization. (See, e.g., Alch v. Superior Court (2004) 122 Cal.App.4th 339, 391, 19 Cal.Rptr.3d 29; O'Connor v. Village Green Owners Assn. (1983) 33 Cal.3d 790, 792, 191 Cal.Rptr. 320, 662 P.2d 427; and Marina Point, Ltd. v. Wolfson, supra, 30 Cal.3d at p. 725, 180 Cal.Rptr. 496, 640 P.2d 115.) However, the courts treat age classification differently from categories enumerated in the statute. There is no general prohibition against all age-based discrimination or preferential treatment, as there is with the categories expressly mentioned in the Act.
*862 Age-based distinctions often appear in statutory programs. Congress, as well as the federal and state legislatures, has permitted various age distinctions. "Social Security and Medicare are but two examples of congressional enactments designed to assist senior citizens once they retire." (Starkman, supra, 227 Cal.App.3d at p. 1500, 278 Cal.Rptr. 543.) The federal legislature has enacted title 42 United States Code section 1381 et seq. [supplemental security income]; title 26 United States Code section 121 [one-time tax exclusion for sale of principal residence by individuals over 55 years of age]; title 42 United States Code section 1395 [health insurance for aged and disabled]. The California Legislature has enacted Public Resources Code section 5011 [reduced rate passes to state parks]; Education Code section 89330 [waiver of fees at California State University]; Welfare and Institutions Code section 12000 et seq. [State supplementary program for aged, blind and disabled]; Government Code section 12941 [unlawful employment practice]; Revenue and Taxation Code section 69.5 [homeowner's exemptions for persons 55 years of age and older] (Starkman, at p. 1500, 278 Cal.Rptr. 543); as well as Civil Code sections 51.2 [age discrimination in housing sale or rental] and 51.3 [senior citizen housing]. All of these statutes provide for distinctions based on age, but are permitted because the Legislature found valid reasons for enacting these programs.
California courts have allowed private parties to extend or withhold benefits based on age. In Koire v. Metro Car Wash, supra, 40 Cal.3d 24, 219 Cal.Rptr. 133, 707 P.2d 195, the California Supreme Court expressly stated "[c]harging different prices to children and senior citizens is sometimes permissible and socially desirable." (Id. at p. 36, 219 Cal.Rptr. 133, 707 P.2d 195.) Another California court found that rental car companies were permitted to refuse to rent to drivers under the age of 25. (Lazar v. Hertz Corp. (1999) 69 Cal.App.4th 1494, 82 Cal.Rptr.2d 368.) A condominium association's age restriction favoring those age 40 and older was held valid in Huntington Landmark Adult Community Assn. v. Ross (1989) 213 Cal.App.3d 1012, 261 Cal.Rptr. 875. Finally, as discussed by both parties, theater ticket discounts for children and senior citizens were upheld in Starkman, supra, 227 Cal.App.3d 1491, 278 Cal.Rptr. 543.
Here, the defendant offered a theater ticket discount to a generation, "baby boomers," to attend a musical about them. We conclude this age-based discount is permissible as reasonable and not arbitrary. A reason given by defendant for providing the discount admission to "baby-boomers" was to encourage attendance at a family-based entertainment event. As the Starkman court recognized in evaluating theater discounts given to seniors and children, "without such incentives these populations may be totally excluded from enjoying some of the pleasures of our society." (Starkman, supra, 227 Cal.App.3d at 1499, 278 Cal.Rptr. 543.) "Paying for the necessities of life frequently strains the pocketbooks of many Americans." Therefore, making "American pastimes affordable is beneficial to us all." (Ibid.) Because a theater ticket discount allows greater access to the theater, public policy favors the disparate treatment, whether the discount is made available to children, seniors or boomers.
Another policy consideration relied on by Starkman in upholding discounted theater admissions for children and seniors was the limited income and lack of employment opportunities for these classes of individuals. (Starkman, supra, 227 Cal.App.3d at p. 1498, 278 Cal.Rptr. 543.) The United States Supreme Court has recognized there are "unjustified assumptions *863 about the effect of age on ability to work" among the 40-65 age group, which group includes the "baby-boomers" at issue here. (General Dynamics Land Systems, Inc. v. Cline (2004) 540 U.S. 581, 588, 124 S.Ct. 1236, 157 L.Ed.2d 1094.) "`At age 40, a worker may find that age restrictions become common.... By age 45, his employment opportunities are likely to contract sharply; they shrink more severely at age 55 and virtually vanish by age 65.'" [Citations omitted.] (General Dynamics, at p. 588, 124 S.Ct. 1236.) As a result of this lack of job security and corresponding lack of disposable income, the "baby-boomer" generation will benefit from price discounts on family-oriented pastimes, as do children and seniors.
Providing discounted theater admissions to "baby-boomers" to attend a musical about that generation does not perpetuate any irrational stereotypes. Rather, the discount acts to honor a generation of individuals who, like the seniors in Starkman, have contributed to the economy and participated in and contributed to meaningful civic, cultural, educational, business and recreational activities. (See Starkman, supra, 227 Cal.App.3d at p. 1500, 278 Cal.Rptr. 543.)
Finally, as the Supreme Court of California stated, "[t]he key is that the discounts must be `applicable alike to persons of every sex, color, race [etc]' ([Civ.Code,] § 51), instead of being contingent on some arbitrary, class-based generalization." (Koire v. Metro Car Wash, supra, 40 Cal.3d at p. 36, 219 Cal.Rptr. 133, 707 P.2d 195.) This discount was given to all persons born between 1946 and 1964, regardless of the personal characteristics enumerated in the Act.
The discounted theater admission given to "baby-boomers" to attend a musical about that generation was not arbitrary and did not violate the Act. Because there was no violation of the Act, there is no predicate basis for plaintiffs' other causes of action.

DISPOSITION
The judgment is affirmed. Defendant is entitled to costs on appeal.
WE CONCUR: BENKE, Acting P.J., and IRION, J.