[No. G038388. Fourth Dist., Div. Three. Nov. 21, 2008.]

MICHAEL COHN, Plaintiff and Appellant, v.
CORINTHIAN COLLEGES, INC., et al., Defendants and Respondents.

## COUNSEL

Alfred G. Rava for Plaintiff and Appellant.

Payne & Fears, Daniel L. Rasmussen and Julie J. Bisceglia for Defendant and Respondent Corinthian Colleges, Inc.

Buchalter Nemer, George J. Stephan, Robert M. Dato, Efrat M. Cogan; Powell Goldstein, William Shearer, William V. Custer and Harry W.R. Chamberlain III for Defendant and Respondent Angels Baseball LP.

## OPINION

**O'LEARY, J.**—Michael Cohn appeals from summary judgment granted in favor of Corinthian Colleges, Inc. (Corinthian), and Angels Baseball LP (the Angels). He contends the Angels' Mother's Day tote bag giveaway violated the Unruh Civil Rights Act. (Civ. Code, §§ 51, 52; hereafter the Act.)[1] We disagree and affirm the judgment.

---

[1] All further statutory references are to the Civil Code, unless otherwise indicated.

As we will explain, the Act protects against intentional discrimination that is unreasonable, arbitrary, or invidious. This important piece of legislation provides a safeguard against the many real harms that so often accompany discrimination. For this reason, it is imperative we not denigrate its power and efficacy by applying it to manufactured injuries such as those alleged by the plaintiff in this case.

## FACTS

On Mother's Day, May 8, 2005, the Angels had a home game against the Detroit Tigers. The Angels held a Mother's Day celebration to honor all mothers in attendance. The celebration included a "#1 Angels Baseball Mom" essay contest, picking a random mother to serve as honorary announcer, using the "kiss cam" to showcase people kissing their mothers, and a tote bag giveaway for all mothers in attendance.

Corinthian, operator of Bryman College, sponsored the Mother's Day tote bag. Corinthian did not contribute to the designing or implementing of the giveaway. Due to the difficult logistics of discerning which women were mothers in the heavy traffic of entry to the game, the Angels decided to generalize "mothers" as females 18 years old and over.

Besides giving the tote bags to females 18 years old and over, the Angels also distributed some to male Angels' boosters, season ticket holders, the media, and employees. Cohn and two friends went to the game, requested tote bags, were refused twice and left shortly thereafter. Cohn's counsel sent a complaint to the Angels bemoaning the fact Cohn did not receive a tote bag, and the Angels responded by sending four tote bags, one each for Cohn, his counsel, and his friends.

Cohn filed suit against Corinthian and the Angels on May 4, 2006, alleging gender discrimination in violation of the Act. Both Corinthian and the Angels filed demurrers, which the trial court overruled. The court issued a case management order specifying discovery was to be done before the motions for summary judgment, and it created a briefing schedule. Discovery was limited to whether the Mother's Day giveaway violated the Act, and the briefing schedule required motions for summary judgment to be filed by October 16, 2006. The hearing date was set for February 1, 2007, and the court indicated it would allow for more discovery time upon Cohn's request.

The Angels and Corinthian filed for summary judgment on October 16, 2006. Cohn opposed these motions, but did not request additional time to conduct more discovery. On February 1, 2007, the trial court granted summary judgment in favor of the Angels and Corinthian.

## DISCUSSION

When an appeal presents a pure question of law, the appellate court exercises its independent judgment, giving no deference to the trial court's ruling. When the facts are not disputed, the effect or legal significance of those facts is a question of law, and the appellate court is free to draw its own conclusions, independent of the ruling by the trial court. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].) The parties do not dispute the facts in the instant case, and we review the situation de novo.

### I

Cohn alleges the Angels' Mother's Day giveaway unlawfully violated the Act by giving tote bags to women. We disagree. The Act provides: " 'All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.' (. . . § 51, subd. (b).) [¶] The objective of the Act is to prohibit businesses from engaging in unreasonable, arbitrary[,] or invidious discrimination. [Citation.] Therefore, the Act applies not merely in situations where businesses exclude individuals altogether, but also where treatment is unequal. [Citation.]" (*Pizarro v. Lamb's Players Theatre* (2006) 135 Cal.App.4th 1171, 1174 [37 Cal.Rptr.3d 859] (*Pizarro*).) The more recent interpretation of the Act by the California Supreme Court requires a plaintiff claiming a violation to prove *intentional* discrimination.[2] (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1175 [278 Cal.Rptr. 614, 805 P.2d 873], italics added (*Harris*).)[3]

---

[2] Whether the Act requires intentional discrimination where the Americans with Disabilities Act of 1990 (ADA; 42 U.S.C. § 12101 et seq.) has also been violated has split federal and state courts. (See *Wilson v. PFS, LLC* (S.D.Cal. 2007) 493 F.Supp.2d 1122, 1125–1126; compare *Coronado v. Cobblestone Village Community Rentals* (2008) 163 Cal.App.4th 831, 840 [77 Cal.Rptr.3d 883] [intent required for all Act damages claims] with *Lentini v. California Center for the Arts* (9th Cir. 2004) 370 F.3d 837, 846 [exception to Act intent requirement for ADA violation].) Because the ADA is not at issue in this case, we need not resolve this conflict. For the purpose of the present situation, intentional discrimination is required.

[3] Although in dicta, previous precedent stated, ". . . discriminatory *intent* is not required by the Unruh Act." (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33, fn. 12 [219 Cal.Rptr. 133, 707 P.2d 195] (*Koire*).) While the statement is technically correct because there is no mention

■ Cohn's allegations against the Angels' Mother's Day tote bag give-away are not supported by the interpretation of, or policy behind, the Act. It is undisputed the Angels' intent was to honor mothers on Mother's Day. Due to the volume of attendees and time pressure, it would be impracticable for the Angels to make sure each woman who received a tote bag was in fact a mother. Instead, the Angels adopted a practical approach of giving tote bags to all females over 18 years old. Thus, the intended discrimination is not female versus male, but rather mothers versus the rest of the population. Nowhere in the Act is there any mention of requiring the treatment of mothers to be exactly the same as that of nonmothers. A viable gender discrimination case must be *because of* the group's sex, not merely a resultant correlation. (*Bray v. Alexandria Women's Health Clinic* (1993) 506 U.S. 263, 270 [122 L.Ed.2d 34, 113 S.Ct. 753].)

The Act requires intentional discrimination to protect against all "unreasonable, arbitrary or invidious discrimination." (*Sunrise Country Club Assn. v. Proud* (1987) 190 Cal.App.3d 377, 381 [235 Cal.Rptr. 404].) This type of unreasonable, arbitrary, or invidious gender discrimination is present where the policy or action " 'emphasizes irrelevant differences between men and women' " or perpetuates any irrational stereotypes. (*Koire, supra*, 40 Cal.3d at p. 34; see also *Pizarro, supra*, 135 Cal.App.4th at p. 1176.) The State of California has a legitimate interest in eradicating this type of discrimination because of the negative impact such prejudice has on society. (See *Koire, supra*, 40 Cal.3d at pp. 34–35.)

The instant case does not emphasize an irrelevant difference, nor perpetuate an irrational stereotype. It is a biological fact that only women can be mothers. Neither men nor women are harmed by this, and the Angels did not arbitrarily create this difference. Cohn presents a parade of horribles as the consequence of this decision (e.g., discriminating in favor of Nordic-Americans on Leif Erikson Day or Jewish-Americans during Jewish-American Week). However, this projection is inapt because such results would fall under the arbitrary discrimination the Act is meant to protect. Such discrimination would be based solely on ethnicity, and would therefore violate the Act. Here, the giveaway was based on motherhood, with gender only a secondary consideration. The only comparable situation would be giving tote bags to men on Father's Day, which would also be valid, as it is not based on any irrelevant difference between the sexes. The tote bag

---

of intent in the words of the Act, we are bound to the more recent precedent of *Harris* interpreting the legislative objective as prohibiting "*intentional* discrimination." (*Harris, supra*, 52 Cal.3d at p. 1149.)

giveaway honors mothers as a group of individuals without promoting any irrational stereotypes, and therefore does not violate the Act. (See *Pizarro, supra*, 135 Cal.App.4th at pp. 1176–1177.)

Cohn claims the giveaway was invidious because it tended to cause discontent, animosity, or envy, but there was no evidence to support this contention. No other fans complained about the giveaway, and Cohn's complaint only came after he went to the game to deliberately generate his "injury." Cohn's complaint gathers further suspicion because Cohn, his friends, and his counsel have been involved in numerous of what have been characterized as " 'shake down' " lawsuits. (E.g., *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 178 [59 Cal.Rptr.3d 142, 158 P.3d 718].) They proclaim themselves equal rights activists, yet repeatedly attempted to glean money from the Angels through the threat of suit. The Act is a valuable tool for protecting our citizens and remedying true injuries. We are not convinced the Angels' tote bag giveaway was in any way unreasonable, arbitrary, or invidious discrimination.

At oral argument, Cohn argued the principles articulated by our Supreme Court in its recent decision *North Coast Women's Care Medical Group, Inc. v. Superior Court* (2008) 44 Cal.4th 1145 [81 Cal.Rptr.3d 708] (*North Coast*), compel reversal of the trial court's entry of summary judgment. We disagree.

In *North Coast*, a patient sued a medical group and two of its employee physicians alleging their refusal to perform artificial insemination on her violated the Act. (*North Coast, supra*, 44 Cal.4th at pp. 1152–1153.) The patient was a lesbian and defendant doctors, citing their religious beliefs, refused to perform artificial insemination on the patient because of her sexual orientation. The question before the court was whether the physicians' First Amendment right to free exercise of religion exempted them from conforming their conduct to the Act's requirement to provide " 'full and equal accommodations, advantages, facilities, privileges, or services.' " (44 Cal.4th at p. 1154, citing the Act.) The court held the rights of religious freedom and free speech, as guaranteed in both the federal and the California Constitutions, do not exempt a medical clinic's physicians from complying with the California Act's "prohibition against discrimination based on a person's sexual orientation." (44 Cal.4th at p. 1150.) We fail to see how the denial by a physician of medical services to a patient on the basis of sexual orientation is analogous to the denial of tote bags to men attending a sporting event.

## II

Cohn relies on *Angelucci* and *Koire*, where gender based price differentials violated the Act. (*Angelucci v. Century Supper Club, supra*, 41 Cal.4th 160

[free admissions for "ladies' night" violates the Act]; *Koire, supra*, 40 Cal.3d 24 [car wash discount for women violates the Act].) This reliance is misplaced in the instant case. For the Angels game, women were charged the same amount for entry as men were on the date in question. The tote bag simply represented a gift and did not discount the admission price.

■ While price differentials are specifically prohibited by the Gender Tax Repeal Act of 1995 (§ 51.6), no such prohibition exists for promotional gifts. We are not implying that all promotional gifts are per se exempt from the Act. This is not a situation where the Angels gave money to all women in attendance, which would be a de facto discount and, therefore, violate the Act. The crucial differentiating factor is intent. If the intent is for the item to be a gift, rather than an attempt to circumvent the ban on gender based discounts, then such a gift is permissible.

Intent is not to be determined by the value of the gift, because even a small discount is enough to violate the Act. (See *Koire, supra*, 40 Cal.3d at p. 27, fn. 2 [15 cent discount violated the Act].) The intent analysis must be individually applied to the particular facts present. Here, the tote bag was a gift to be used, and could not be converted nor considered compensatory.

■ We see no reason to inhibit the Angels', or any other business's, ability to bestow gifts upon its customers. Individuals are free to give to whomever they like. Gift giving is not the same as usurping rights. We therefore find the Angels' tote bag giveaway did not violate the Act.

### III

We discuss only the charges against the Angels above because summary judgment was clearly appropriate with respect to Corinthian. Corinthian was not involved with the planning or distribution of the Mother's Day tote bags, and Cohn does not dispute any of the facts Corinthian presented for summary judgment. Cohn claimed Corinthian "aided" in the discriminatory event, but failed to provide any facts to support this claim other than noting Corinthian was the official sponsor. Because Cohn did not dispute Corinthian's noninvolvement in the planning and distribution of the tote bags, and did not produce any evidence to indicate Corinthian's involvement, the grant of summary judgment in favor of Corinthian was appropriate.

### IV

■ Two additional issues merit discussion. First, Cohn argues he should be entitled to attorney fees as a "prevailing party." The basis for this claim was the Angels' policy for a more recent Mother's Day game (giving gifts to

all attendees, not just mothers). However, to award attorney fees, the court must determine whether the change was achieved " ' "by threat of victory," not "by dint of nuisance and threat of expense." ' [Citation.]" (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 575 [21 Cal.Rptr.3d 331, 101 P.3d 140].) We do not find the Angels' change in policy was for any reason other than avoiding another costly and irksome lawsuit and, therefore, find an attorney fees award improper.

Second, Cohn's counsel goes to great lengths discussing a sanction the trial court almost imposed. We note that counsel was not sanctioned, and while implying some sort of judicial bias, counsel makes no claim of any such error. In addition, even if counsel were to claim some wrongdoing, this appeal is not the appropriate venue for this claim as the party in interest is Cohn's counsel, not Cohn. We caution counsel not to waste this court's time and resources with issues not properly before the court.

V

██ Cohn claims he was prejudiced by the trial court's decision to accept an oral application to expedite and specify limited discovery to be done before the motions for summary judgment. We are not convinced. This case was deemed complex, and " ' "judges must be permitted to bring management power to bear upon massive and complex litigation to prevent it from monopolizing the services of the court to the exclusion of other litigants." [Citation.]' " (*First State Insurance Co. v. Superior Court* (2000) 79 Cal.App.4th 324, 334 [94 Cal.Rptr.2d 104].) Although the application for expedited and limited discovery was done orally, and may not have been the ideal procedure, the trial court is given the discretion to be flexible with complex cases. In any event, Cohn was not prejudiced by the timeline, or the oral request. In fact, Cohn was given over 100 days (Oct. 16, 2006, to Feb. 1, 2007) to respond to the Angels' and Corinthian's motions for summary judgment, which exceeds the required 75-day notice period.

In addition, Cohn claims he was burdened because the discovery time was shortened. The trial court allowed Cohn the option to petition for additional discovery, to which Cohn did not avail himself, and Cohn did not suggest what benefits more discovery would bring. With this availability of further time for discovery upon request, the limited discovery did not prejudice Cohn's action. The procedural issues in this case were not prejudicial to Cohn and, therefore, the trial court did not err.

## DISPOSITION

We affirm the judgment. Respondents shall recover their costs on appeal.

Bedsworth, Acting P. J., and Moore, J., concurred.