Filed 9/9/14

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| JENNITA FOSTER, | ) | No. BV 030709 |
| | ) | |
| Plaintiff and Respondent, | ) | Santa Monica Trial Court |
| | ) | |
| v. | ) | No. 13R05236 |
| | ) | |
| KEITH WILLIAMS, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| _____ | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Santa Monica Trial Court, Norman P. Tarle, Judge. Reversed.

Ross T. Kutash and Sarah Truesdell Shipitsyn for Defendant and Appellant.

Jennita Foster, in pro. per., for Plaintiff and Respondent.

\*          \*          \*

## I. *INTRODUCTION*

Defendant Keith Williams appeals the unlawful detainer judgment in favor of plaintiff Jennita Foster doing business as Guest House Management. Defendant contends the judgment should be reversed because the three-day notice to pay rent or quit concerning his apartment unit failed to comply with Code of Civil Procedure section 1162, subdivision (2). As discussed below, we reverse the judgment.

1

The three-day notice did not comply with Code of Civil Procedure section 1162, subdivision (2)'s requirement that the notice provide the "address of the person to whom the rent payment shall be made" because the notice listed a uniform resource locator (URL) address, as opposed to the address of a physical place where the rent had to be paid. The notice also did not comply with Code of Civil Procedure section 1162, subdivision (2), because it failed to state that payment could be made pursuant to a previously established electronic funds transfer procedure.

## II.  *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff's unlawful detainer action proceeded to trial based on a three-day notice to pay rent or quit. The three-day notice indicated it was served on defendant on June 24, 2013, and required him to pay $1,350 in rent for the month of June 2013. The notice also provided, "Your rent payment should be made payable to: Guest House Management and payment shall be delivered to: [¶] Name: Rick at the following address: www.erentpayment.com," and listed a telephone number.

On the day set for trial, defendant made an oral motion arguing the three-day notice was defective because it included a "web address" instead of a "physical address." The court denied the motion, determining Code of Civil Procedure section 1161, subdivision (2), did not specifically require a physical address to be listed, and a "web address" constituted an "address" under the statute. Defendant subsequently filed a brief in support of a motion for judgment pursuant to Code of Civil Procedure section 631.8, arguing, inter alia, that the notice was defective for failure to provide the required address.

At trial, plaintiff testified that in June 2012, plaintiff provided tenants with a memorandum and instructions to pay rent through the internet. "Rick," who was listed on the three-day notice, was the owner of erentpayment.com, the online service used for payment of rent, and the telephone number on the notice was his number. Defendant testified he received the internet rent payment memorandum and instructions in June 2012, and had been paying rent online since July 2012.

2

The court denied defendant's Code of Civil Procedure section 631.8 motion for judgment, and rendered judgment in favor of plaintiff. Defendant filed a timely notice of appeal.

## III. *DISCUSSION*

A.    Standard of Review

Defendant contends a de novo standard of review is appropriate because he made an oral motion for judgment on the pleadings when he argued on the day set for trial that the three-day notice to pay rent or quit was defective. Plaintiff disputes that defendant made a motion for judgment on the pleadings.

Resolution of whether or not defendant made a motion for judgment on the pleadings would not alter the standard and scope of review in this case. The facts here are undisputed; the dispositive question is whether the three-day notice was legally sufficient. "When an appeal presents a pure question of law, the appellate court exercises its independent judgment, giving no deference to the trial court's ruling. When the facts are not disputed, the effect or legal significance of those facts is a question of law, and the appellate court is free to draw its own conclusions, independent of the ruling by the trial court. [Citation.]" (*Cohn v. Corinthian Colleges, Inc.* (2008) 169 Cal.App.4th 523, 527; see also *International Assn. of Firefighters Local Union 230 v. City of San Jose* (2011) 195 Cal.App.4th 1179, 1196 [de novo standard used in reviewing ruling on motion for judgment on the pleadings]; *People ex rel. Dept. of Motor Vehicles v. Cars 4 Causes* (2006) 139 Cal.App.4th 1006, 1012 [in reviewing a judgment following a Code Civ. Proc., § 631.8 motion, "we are not bound by a trial court's interpretation of the law and independently review the application of the law to undisputed facts"].)

B.    The Three-Day Notice Was Invalid

"A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]" (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.) A judgment must be reversed when it is based on a three-day notice which lacks the information required by Code of Civil

3

Procedure section 1161, subdivision (2). (See *Baugh v. Consumers Associates, Limited.* (1966) 241 Cal.App.2d 672, 674, superseded by statute on other grounds, as indicated in *WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526; *Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 37.)

In interpreting Code of Civil Procedure section 1161, subdivision (2)'s notice requirements, "[w]e begin with the statutory language because it is generally the most reliable indication of legislative intent. [Citation.] If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls. [Citation.]" (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 211.) To the extent the statutory language may reasonably be given more than one interpretation, we may "employ various extrinsic aids, including a consideration of the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. [Citation.]" (*In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214.)

Code of Civil Procedure section 1161, subdivision (2), provides a tenant is guilty of unlawful detainer: "When he or she continues in possession, in person or by subtenant, without the permission of his or her landlord, or the successor in estate of his or her landlord, if applicable, after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment (provided that, if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided by the owner), or the number of an account in a financial institution into which the rental payment may be made, and the name and street address of the institution (provided that the institution is located within five miles of the rental property), or if an electronic funds transfer procedure has been previously established, that payment may be made

4

pursuant to that procedure, or possession of the property, shall have been served upon him or her and if there is a subtenant in actual occupation of the premises, also upon the subtenant."

        1.      *Lack of an address to a physical location*

Does a three-day notice satisfy Code of Civil Procedure section 1161, subdivision (2), by listing the name of a person, his or her telephone number, and a *URL address*?  Admittedly, the word "address" is defined as both "The place where someone lives or an organization is situated," and "A string of characters which identifies a destination for email messages or the location of a website."  (Oxford Dictionaries Online <http://www.oxforddictionaries.com/definition/english/address> [as of Sept. 8, 2014].  See *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 ["[w]hen attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word"].)  Considering the context in which the word "address" is used in the statute, it is apparent the former definition was intended.

Code of Civil Procedure section 1161, subdivision (2), specifies the landlord is required to identify "the *person* to whom the rent payment shall be made."  The fact that the required address correlates to a "person" indicates that the "address" which is intended is a physical address where that person can be found to receive rent payment, and not a string of characters identifying the location of a website.  The statute contemplates a notice containing the name of the contact person, his or her telephone number, address, and the usual days and hours that person will be available so that "payment may be made *personally*" by the tenant.  Payment of rent through a website is not made "personally"; it is done through the internet.  Finally, the statute also contemplates that the listed address might not allow for personal delivery of rental payment (i.e., post office box), and that payment may be made by "the *mailing* of any rent . . . to the owner by the tenant to the *name and address* provided."  (See also Code Civ. Proc., § 1161, subd. (2) [if tenant mails the rent, the "rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided"].)  "Mailing" of rent is done to the address of a physical place; a tenant does not mail rent to a website.

5

Our interpretation of the statute as requiring a physical address—as opposed to a URL address—is also supported by the law's legislative history. Prior to 2001, Code of Civil Procedure section 1161, subdivision (2), required the three-day notice to state the amount of rent that was due, without listing any information regarding how payment was to be made. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 985 (2001-2002 Reg. Sess.) as amended May 17, 2001, p. 3.) The information regarding how payment had to be made was added to the statute because of concerns that, without the information in the notice, "the tenant is unsure of whom to pay, and this confusion could lead to an unlawful detainer action." (*Id.* at p. 6.) A notice with a URL address does not inform the tenant where he or she can physically go to pay the rent or where to mail the rent. Lack of an address to a physical place could lead to confusion, cause the tenant to delay paying rent, and result in the expiration of the three-day notice and subsequent court-ordered eviction.

The three-day notice in the present case listed the name of the person to whom defendant had to deliver the rent payment as "Rick," and provided his telephone number. But, the notice did not list Rick's address, the physical place where defendant could pay the rent and avoid an unlawful detainer; it listed a URL address. The notice thus failed to comply with Code of Civil Procedure section 1161, subdivision (2).

2. *Lack of a statement regarding a previously established electronic funds transfer procedure*

Plaintiff contends the three-day notice complied with Code of Civil Procedure section 1161, subdivision (2), because the URL address corresponded to a previously established electronic funds transfer procedure. Defendant claims that, even if an electronic funds transfer procedure was previously established, a three-day notice must still list "the name, telephone number, and address of the person to whom the rent payment shall be made" to comply with Code of Civil Procedure section 1161, subdivision (2).

We disagree with defendant's claim because "[i]n addition to stating the amount of rent due, under C.C.P. 1161(2), the notice must state *one* of the following: [¶] (1) The name, telephone number, and address of the person to whom the rent payment must be made . . . . [¶]

6

(2) The number of an account in a financial institution, located within 5 miles of the rental property, into which the rental payment may be made, and the name and street address of the institution.  [¶] (3) If an electronic funds transfer procedure has been previously established, that payment may be made pursuant to that procedure."  (12 Witkin, Summary of Cal. Law (10th ed. 2005) Real Property, § 725, pp. 846-847, emphasis added.)  If the third alternative is used, there is no need to also state the information in the first alternative.

Defendant also argues that under Civil Code section 1947.3, plaintiff was required to provide "at least one form of payment that is neither cash nor electronic funds transfer," and if a notice to quit only provided for payment by means of an electronic funds transfer, and no mailing address (for remittance of check or money order), the notice to quit would be defective under the above statute.  However, Civil Code section 1947.3 is silent as to what is required to be stated in the three-day notice, which is governed by Code of Civil Procedure section 1161, subdivision (2).  Since Code of Civil Procedure section 1161 is the more specific statute regarding what must be included in the notice, to the extent Civil Code section 1947.3 is inconsistent, Code of Civil Procedure section 1161, subdivision (2), controls.  (See *Molenda v. Dept. of Motor Vehicles* (2009) 172 Cal.App.4th 974, 993 ["'more specific statute controls over a more general one' touching on the same subject [citation]"].)

Nonetheless, the three-day notice here failed to comply with Code of Civil Procedure section 1161, subdivision (2)'s third alternative because the plain language of the section lists specific items which *must be stated* in the notice—none of which is a URL address.  Under the third alternative, the three-day notice must contain instructive language "*stating . . . that payment may be made pursuant to*" "an electronic funds transfer procedure [which] has been previously established."  (See Code Civ. Proc, § 1161, subd. (2), emphasis added.)  Code of Civil Procedure section 1161, subdivision (2), requires these words, or other statement to this effect, must be contained in the three-day notice.  While the statute may be satisfied without listing the URL address, it cannot be satisfied without stating that payment is to be made pursuant to the parties' previously established procedure for electronic payment.  If there is such a procedure already in place between the parties, presumably a tenant will already be

7

aware of the URL address or the specifics of the agreed-upon electronic transfer method. Thus, expressly referring to the previously established procedure ensures that the tenant receives the necessary instruction on *how* to pay rent.

Our determination that a URL address alone, unaccompanied by a statement or instruction referring to a pre-established procedure, fails to satisfy the third alternative of Code of Civil Procedure section 1161, subdivision (2), comports with the purpose of the three-day notice: "to give the tenant the opportunity to pay the rent due and retain possession by avoiding forfeiture." (*Valov v. Tank* (1985) 168 Cal.App.3d 867, 874.) The tenant must be informed of precisely what he or she must do to pay rent and thereby remain in possession. (*Ibid*.) A notice which tells the tenant to pay rent and provides the name of a person, his telephone number, and a URL address of a website does not inform a tenant of what he or she must *do* to pay rent.

To the extent there is any ambiguity whether the notice must contain the instructional statement "that payment may be made pursuant to" a "previously established" "electronic funds transfer procedure," as opposed to simply providing a URL address, we resolve the ambiguity so as to require a statement indicating the existence of a previously established procedure. Doing so is consistent with the purpose and legislative history of the statute, and with decisional law which requires strict compliance with statutory notice requirements contained in Code of Civil Procedure section 1161 et seq. (*Culver Center Partners East No. 1, L.P. v. Baja Fresh Westlake Village, Inc.* (2010) 185 Cal.App.4th 744, 749.) Only by so requiring will the notice inform the tenant precisely what he or she must do to pay rent and avoid an eviction (see *Valov v. Tank*, *supra*, 168 Cal.App.3d at p. 874), and reduce the possibility of confusion that may otherwise result (see Assem. Com. on Judiciary, Analysis of Sen. Bill No. 985, *supra*, at p. 6).

The notice in the present case did not contain the statement required by the third alternative in Code of Civil Procedure section 1161, subdivision (2), and it did not even tell defendant to pay rent electronically: it simply provided the name of a person, his telephone number, a URL address, and told defendant that "payment shall be delivered" to that person.

8

Because the notice was insufficient under the statute, it could not support the unlawful detainer action.

IV. *DISPOSITION*

The judgment is reversed. Defendant to recover his costs on appeal.

_____

Ricciardulli, J.

We concur.

_____

Kumar, Acting P. J.

_____

B. Johnson, J.

9