Filed 7/5/13

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

This opinion has been certified for publication
in the official Reports.  It is being sent to assist
the Court of Appeal in deciding whether to order
the case transferred to the court on the court's
own motion under rules 8.1000-8.1018.


**CERTFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES


| | | |
|---|---|---|
| NIVO 1 LLC, | ) | No. BV 030104 |
| | ) | |
| Plaintiff and Respondent, | ) | (Central Trial Court |
| | ) | No. 12U06657) |
| v. | ) | |
| | ) | |
| AMITERIA ANTUNEZ, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of the Los Angeles County, Central Trial Court, Rafael A. Ongkeko, Judge.  Affirmed.

Allen R. King for Plaintiff and Appellant.

Sonia Servin and Carol Kim for Defendant and Respondent.

\*          \*          \*

Plaintiff and landlord NIVO 1 LLC appeals the judgment entered in favor of defendant and tenant Amiteria Antunez.

### BACKGROUND

On May 29, 2012, plaintiff filed a complaint against defendant Amiteria Antunez seeking past due rent and possession of the property located at 2015 ½ Echo Park Avenue in

1

Los Angeles.[1] Plaintiff alleged that on a date unknown, defendant and plaintiff's agent entered into a month-to-month written agreement wherein defendant agreed to pay $608 per month, that the tenancy was subject to the City of Los Angeles Rent Stabilization Ordinance (LARSO), and that defendant was personally served with the 3-day notice to pay rent or quit and a 3-day notice to perform covenants or quit on May 17, 2012.

The 3-day notice to perform stated, "Further, you [sic] in violation of paragraph 17 of your lease agreement—you have failed to maintain a personal property insurance policy." Paragraph 17 of the Residential Lease Agreement provides: "INSURANCE:  TENANT must maintain a personal property insurance policy to cover any losses sustained to Tenant's personal property or vehicle.  It is acknowledged that LANDORD does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes . . . TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against LANDLORD . . . ."

On June 4, 2012, defendant filed an answer asserting various affirmative defenses.  The matter came for court trial on July 6, 2012.  Pursuant to Evidence Code section 776, defendant testified that she moved into the premises in 1998 and did not have renter's insurance at that time.  Defendant did not obtain renter's insurance after service of the notice to perform covenant or quit.  Ann Swain, the property supervisor, testified that on June 23, 2011, she posted and mailed to defendant a notice of change of terms of tenancy.  She further testified that defendant failed to comply with the notice and did not obtain renter's insurance.

The court found that defendant's failure to procure and maintain personal property insurance was not a material breach, and as such, could not support a forfeiture of the lease. Judgment was entered for defendants.  Plaintiff filed this timely appeal.

---

[1]The sole issue raised on appeal herein revolves around the provision in the lease agreement requiring the tenant to obtain renter's personal property insurance and whether her failure to obtain such a policy entitled plaintiff to a forfeiture of the agreement and possession of the property. We, therefore, do not address or recite facts relating to the issue of past-due rent.

DISCUSSION

*The Notice of Change of Terms of Tenancy*

Plaintiff argues that the trial court failed to apply the change of terms provision to this case. The notice, dated June 23, 2011, sought to change the terms of the lease agreement to render *all* breaches material. The provision states in pertinent part: "3. Renter agrees that Renter's performance of and compliance with each of the terms of the rental agreement constitute a condition on Renter's right to occupy the premises. Any failure of compliance or performance by Renter shall allow Owner to declare a forfeiture of this agreement and terminate Renter's right to possession. *Any breach of the contract is a material breach.*" (Italics added.)

LARSO, Los Angeles Municipal Code section 151.00 et seq., prohibits a landlord from bringing an unlawful detainer action based on a unilateral change in terms of the tenancy. "A. A landlord may bring an action to recover possession of a rental unit only upon one of the following grounds: . . . [¶] 2. The tenant has violated a lawful obligation or covenant of the tenancy and has failed to cure the violation after having received written notice from the landlord, other than a violation based on . . . (c) A change in the terms of the tenancy that is not the result of an express written agreement signed by both of the parties. For purposes of this section, a landlord may not unilaterally change the terms of the tenancy under Civil Code Section 827 and then evict the tenant for the violation of the added covenant unless the tenant has *agreed in writing to the additional covenant . . . .*" (L.A. Mun. Code, § 151.09.A.2(c). Italics added.) The original terms of the lease provided that a failure to maintain insurance would merely result in a waiver of the tenant's rights to seek damages against the landlord. However, the unilateral change by the plaintiff-landlord sought to alter the terms so that the failure to maintain insurance would be deemed a material breach such that it would result in a forfeiture of the lease agreement. Such a change of terms is invalid under the provisions of LARSO.

3

*The Breach*

The trial court found that defendant's failure to maintain insurance was an immaterial or trivial breach such that it did not result in a forfeiture of the lease agreement. "Whether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact." (*Whitney Investment Co. v. Westview Dev. Co.* (1969) 273 Cal.App.2d 594, 601; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277; *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1051-1052.) A trial court's finding that a breach was not material is reviewed under the substantial evidence standard. (*Brown v. Grimes* (2011) 192 Cal.App.4th at p. 279) Substantial evidence is evidence that "'must be of ponderable legal significance . . . [and] must be reasonable . . . , credible, and of solid value . . . .' [Citation.] The ultimate determination is whether a *reasonable* trier of fact could have found for the respondent based on the whole record. [Citation.]" (*Kuhn v. Department of General Services* (1994) 22 Cal. App. 4th 1627, 1633.)

Plaintiff argues in its opening brief that "[t]here is nothing in CCP 1161(3) that requires that the breach be substantial before a tenant can be guilty of unlawful detainer . . . ." Although not expressly set forth in Code of Civil Procedure section 1161(3), this requirement is set forth in case law. (*Keating v. Preston* (1940) 42 Cal.App.2d 110, 115; *Feder v. Wreden Packing & Provision Co.* (1928) 89 Cal.App. 665, 673.) Whether a particular breach will give plaintiff landlord the right to declare a forfeiture is based on whether the breach is material. "'The law sensibly recognizes that although every instance of noncompliance with a contract's terms constitutes a breach, not every breach justifies treating the contract as terminated. [Citations.] Following the lead of the Restatements of Contracts, California courts allow termination only if the breach can be classified as "material," "substantial," or "total." [Citations.]'" (*Superior Motels, Inc. v. Rinn Motels, Inc.*, *supra*, 195 Cal.App.3d at p. 1051.)

At trial, the court made the factual determination that defendant's failure to maintain insurance as required by paragraph 17 of the lease was not a material breach. This determination will not be disturbed where the record supports such a finding. The trial court heard testimony from the manager who, "[i]n terms of credibility . . . did not hold up well on

4

cross-examination." The court found that there was no evidence that defendant had anything worth insuring. Further, after testimony, the trial court held that the failure to comply with this lease provision was a "trivial breach" because the "provision benefits the tenant, not the landlord." The court found that the trivial breach was "used and enforced only by landlord selectively against this tenant, and no others, probably based on her being perceived as a 'problem' tenant who should be charged with as many breaches as possible to see what sticks." The distinction between a material and inconsequential breach "'is one of degree, to be answered, if there is doubt, by the triers of the facts. . . . We must weigh the purpose to be served, the desire to be gratified, the excuse for deviation from the letter, the cruelty of enforced adherence. . . .'" (*Superior Motels, Inc. v. Rinn Motels, Inc.*, *supra*, 195 Cal.App.3d at p. 1051.) In the present case, there was substantial evidence from which the court could have found that defendant's failure to maintain personal property insurance did not constitute a material breach.

DISPOSITION

Judgment is affirmed. Defendant is awarded costs on appeal.


_____
KEOSIAN, J.

WE CONCUR.

_____
KUMAR, ACTING P. J.


_____
RICCIARDULLI, J.


5