Opinion
RXCCIARDULLI, J.
I. INTRODUCTION
Defendant and appellant Juan Juarez appeals the judgment in favor of plaintiff and respondent Boston LLC following an unlawful detainer court trial. Defendant contends the judgment should be reversed because the trial court improperly deprived him of defenses based on the breach of the rental agreement not being material. He also contends reversal is warranted because the court did not allow him to defend the case based on plaintiff’s waiver. As discussed below, we affirm.
*Supp. 31 Regarding defendant’s compliance with the terms of the parties’ rental agreement, the agreement provided that “any failure of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter’s right to possession.” It was undisputed defendant breached the agreement by failing to timely obtain renter’s insurance after being given notice and an opportunity to do so.
In the published portion of the opinion we hold that, because defendant did not contend the agreement constituted a contract of adhesion or that its enforcement was unconscionable, the trial court correctly determined the materiality of the breach was irrelevant. Under the facts of the present case, reversal is not warranted based on the court determining defendant’s substantial compliance with the agreement, plaintiff’s purported retaliatory motive, and its alleged lack of good faith and fair dealing, were inappropriate defenses.
In the unpublished portion of the opinion, we hold defendant failed to establish reversal is warranted due to the court’s refusal to allow him to defend the action based on plaintiff’s waiver. Defendant’s motion to amend to assert the defense was noncompliant with the California Rules of Court, and he did not adequately develop an argument on appeal regarding how plaintiff waived the rental agreement’s anti-waiver clause.
II. FACTUAL AND PROCEDURAL BACKGROUND
On February 26, 2014, plaintiff filed an unlawful detainer action based on defendant’s failure to perform covenants in the rental agreement, as described in an attached three-day notice. The notice listed three covenants that were violated, but plaintiff elected to proceed at trial on only one: defendant’s failure to obtain and pay for renter’s insurance, as required by paragraph 11 of the rental agreement. The notice informed defendant that if he failed to comply with the rental agreement within the three-day period, plaintiff would declare forfeiture of the agreement. The complaint alleged the notice period expired, and defendant did not comply and remained in possession of the property. Defendant filed an answer, generally denying the allegations in the complaint and asserting numerous affirmative defenses. The case was subsequently set for jury trial.
Prior to trial, defendant and plaintiff each filed in limine motions and trial briefs, and plaintiff filed objections to defendant’s special verdict questions. The trial court considered the motions, briefs, and plaintiff’s objections on April 11, 2014, and allowed the parties to restate their arguments at a hearing on April 15, 2014, which was transcribed and subsequently reported. At the April 15, 2014 hearing, the main issue concerned whether defendant substantially complied with the three-day notice by obtaining insurance one week *Supp. 32 after being given notice, and if, in any event, failure to obtain insurance was a material breach of the rental agreement.
Plaintiff argued, consistent with its written in limine motions and trial brief, that defendant should not be allowed to present evidence, have the jury instructed, or ask the jury to render special verdicts based on substantial compliance or the materiality of the breach. Plaintiff relied on paragraph 11 of the rental agreement, which provided, “Insurance: Owner does not insure Renter for any personal injury or property damage including, but not limited to, that caused by the act or omission of any other renter or third party, or by any criminal act or activity, war, riot, insurrection, fire or act of God. Renter shall obtain and pay for any insurance coverage necessary to protect Renter or Renter’s property from any loss or expense that may be caused by such persons or events.” Plaintiff also relied on one of the opening clauses of the rental agreement, which provided, in relevant part, “Owner and Renter agree that Renter’s performance of and compliance with each of the terms thereof, . . . constitute a condition on Renter’s right to occupy the Premises and any failure of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter’s right to possession.” Plaintiff argued that since, pursuant to this forfeiture clause, “any failure of compliance or performance” by defendant constituted grounds for eviction, the materiality of the breach or defendant’s substantial performance with the agreement was irrelevant.
Defendant, in turn, consistent with his written in limine motion and trial brief, argued plaintiff should not be allowed to argue to the jury or present evidence concerning the forfeiture clause. Defendant argued that this clause did not override other provisions of law which require a breach to be material in order to warrant rescission of a contract. Defendant also argued he substantially complied with the rental agreement.
The trial court determined the forfeiture clause rendered all breaches of the agreement to be material. Therefore, evidence regarding whether the breach of paragraph 11 constituted a substantial breach of an important obligation under the agreement was irrelevant, and jury instructions and verdict forms which related to the materiality of the breach would not be allowed. The court further ruled, as a consequence of its determination on the impact of the forfeiture clause, that other evidence, such as that related to the affirmative defenses of substantial compliance, retaliation, and. good faith and fair dealing, was irrelevant, and that instructions and verdict forms based on the other evidence would also not be permitted.[1]
*Supp. 33 Following the court’s ruling, the parties waived their right to a jury trial and stipulated to the facts of the case, and the court rendered judgment at a court trial based on the stipulated facts. The parties stipulated they entered into the rental agreement in 1999 and defendant had occupied an apartment on the property ever since. The property was subject to the Rent Stabilization Ordinance of the City of Los Angeles (LARSO) (L.A. Mun. Code, § 151.00 et seq.). The three-day notice was served on defendant on February 14, 2014, and defendant failed to comply with the notice’s requirement that he obtain and pay for renter’s insurance by its expiration on February 18, 2014. Based on the stipulated facts, the court rendered judgment in favor of plaintiff.
III. DISCUSSION
Because the issues in this case pertain to statutory construction, undisputed facts, and interpretation of the parties’ rental agreement, we exercise de novo review. (See Nguyen v. Western Digital Corp. (2014) 229 Cal.App.4th 1522, 1543-1544 [178 Cal.Rptr.3d 897] [statutory construction is reviewed de novo]; Cohn v. Corinthian Colleges, Inc. (2008) 169 Cal.App.4th 523, 527 [86 Cal.Rptr.3d 401] [“When an appeal presents a pure question of law, the appellate court exercises its independent judgment, giving no deference to the trial court’s ruling.”]; Sierra Vista Regional Medical Center v. Bonta' (2003) 107 Cal.App.4th 237, 245 [132 Cal.Rptr.2d 9] [contractual interpretation is subject to de novo review when the issue does not turn on the credibility of extrinsic evidence].)[2]
We address each of defendant’s contentions separately in turn.
A. Materiality of Breach
Defendant contends the judgment should be reversed because he should have been allowed to present evidence that his breach of paragraph 11 of the agreement was not material. He further contends that, had the case proceeded *Supp. 34 to jury trial, jury instructions and special verdict forms pertaining to materiality and substantial compliance should have been allowed.
The unlawful detainer action in the present case was based on Code of Civil Procedure section 1161, subdivision 3., due to defendant’s “failure to perform . . . conditions or covenants of the lease or agreement under which the property is held . . . .” Even though not specifically provided by this section, case law requires that a breach be material in order to justify an unlawful detainer action. (See NIVO 1 LLC v. Antunez (2013) 217 Cal.App.4th Supp. 1, 5 [159 Cal.Rptr.3d 922] [collecting cases].) Thus, “[w]hether a particular breach will give a plaintiff landlord the right to declare a forfeiture is based on whether the breach is material. ‘The law sensibly recognizes that although every instance of noncompliance with a contract’s terms constitutes a breach, not every breach justifies treating the contract as terminated. [Citations.] Following the lead of the Restatements of Contracts, California courts allow termination only if the breach can be classified as “material,” “substantial,” or “total.” [Citations.]’ [Citation.]” (Ibid.)
Nonetheless, “it is a general rule a party is bound by contract provisions” (Williams v. California Physicians’ Service (1999) 72 Cal.App.4th 722, 739 [85 Cal.Rptr.2d 497]), and “[i]f contractual language is clear and explicit, it governs . . . [citation]” (Bank of the West v. Superior Court (1992) 2 Cal.4th 1254, 1264 [10 Cal.Rptr.2d 538, 833 P.2d 545]). Even a contract of adhesion, “ ‘a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it . . .’ [citation]” (Graham v. Scissor-Tail, Inc. (1981) 28 Cal.3d 807, 817 [171 Cal.Rptr. 604, 623 P.2d 165]), “is fully enforceable according to its terms [citations] unless certain other factors are present which, under established legal rules — legislative or judicial — operate to render it otherwise” (id. at pp. 819-820, fns. omitted).[3]
In the present case, paragraph 11 of the parties’ agreement required that defendant obtain renter’s insurance. If there had been no other provision regarding the materiality of breaches in the agreement, the question of whether the breach was material would have been one for the trier of fact to decide. (See NIVO 1 LLC v. Antunez, supra, 217 Cal.App.4th at p. Supp. 4.) *Supp. 35 But, the relevant part of the forfeiture clause in the parties’ agreement provided, “Owner and Renter agree that Renter’s performance of and compliance with each of the terms thereof, . . . constitute a condition on Renter’s right to occupy the Premises and any failure of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter’s right to possession.” (Italics added.) The clear and unambiguous terms of this clause permitted forfeiture of the agreement and termination of defendant’s right to possession based on any breach, regardless of the breach’s importance in relation to the entire agreement. Pursuant to the clause, evidence concerning the breach’s materiality was irrelevant; hence there was no need for a jury to be instructed on the issue, or have it render special verdicts.
Cases cited by defendant for the proposition that a breach’s materiality may be used to defend against an eviction are not on point because none discuss the applicability of a forfeiture clause. (See, e.g., Superior Motels, Inc. v. Rinn Motor Hotels, Inc. (1987) 195 Cal.App.3d 1032, 1051 [241 Cal.Rptr. 487].) We are also not persuaded Foundation Dev. Corp. v. Loehmann’s (1990) 163 Ariz. 438 [788 P.2d 1189] (Loehmann’s) warrants reversing the judgment in favor of plaintiff. Loehmann’s considered portions of a lease which required that a tenant pay a common area charge within a specified amount of time or be subject to eviction. The court held that, notwithstanding the lease’s forfeiture clause, which provided any breach would justify eviction, “a material provision of a lease may be breached in such a trivial manner that to enforce a forfeiture would be unconscionable and inequitable. [Citations.]” (Id., 788 P.2d at p. 1197.) We are not bound by Loehmann’s (see Amerigraphics, Inc. v. Mercury Casualty Co. (2010) 182 Cal.App.4th 1538, 1553 [107 Cal.Rptr.3d 307]), but, more importantly, as previously discussed, defendant has not contended, and we do not consider, whether the forfeiture clause, or its enforcement, in the case sub judice was unconscionable. Further, Loehmann’s stated “an overwhelming majority of courts has concluded, without reference to a specific statutory provision, that a lease may not be forfeited for a trivial or technical breach even where the parties have specifically agreed that ‘any breach’ gives rise to the right of termination.” (Loehmann’s, supra, 788 P.2d at p. 1196.) But, none of the cases cited analyzed the enforceability of a clearly worded forfeiture clause in a residential lease, as in the present case.
Defendant further contends the forfeiture clause was invalid because it violated public policy. (See Civ. Code, § 1667 [“That is not lawful which is: [¶] 1. Contrary to an express provision of law; [¶] 2. Contrary to the policy of express law, though not expressly prohibited; or, [¶] 3. Otherwise contrary to good morals.”].) Defendant argues the forfeiture clause violates public policy because it would allow evictions based on breaches regardless of their severity, meaning tenants could be evicted for violating covenants such as annoying other tenants (see rental agreement, par. 12 [“Renter shall not. . . in *Supp. 36 any way annoy any other renter.”]). Defendant claims allowing evictions for annoying conduct such as having a crying newborn or playing “displeasing music” would violate public policy, rendering the forfeiture clause invalid. The clause is not invalid as against public policy. The present case did not involve a breach of the character or magnitude as those propounded by defendant. In evictions based on three-day notices to perform or quit, as in the present case, breaches would only constitute valid grounds for eviction if they were not cured within the notice period, meaning tenants could not be evicted based on single incidents of annoying their neighbors.
Defendant further points out that LARSO only permits evictions based on breaches of lawful obligations or covenants of a tenancy, and argues that permitting evictions based on any breaches under the forfeiture clause would undermine LARSO. However, the breach at issue in the present case was for failure to obtain renter’s insurance, and defendant does not maintain such a breach cannot constitute a lawful obligation of tenancy. (See L.A. Mun. Code, § 151.09A.2 [a valid basis for eviction under LARSO includes when “[t]he tenant has violated a lawful obligation or covenant of the tenancy and hás failed to cure the violation after having received written notice from the landlord . . .”].) Further, because the eviction here did not concern an incurable breach (see Code Civ. Proc., § 1161, subd. 4.), and defendant was given three days to comply with the covenant, the purpose of LARSO that an eviction be based on an enumerated ground was satisfied.
B. Elimination of Defenses
1. Substantial compliance
Defendant argued in the trial court that he substantially complied with paragraph ll’s requirement he obtain and pay for renter’s insurance by obtaining the insurance seven days after he was served with the three-day notice. The trial court excluded evidence and a verdict form on the defense of substantial compliance.
Substantial compliance has been approved as a defense to a notice to quit based on an incurable breach of a rental agreement. (See Roth v. Morton’s Chefs Services, Inc. (1985) 173 Cal.App.3d 380, 385, 387 [218 Cal.Rptr. 684].) But the eviction in this case was based on a three-day notice to perform or quit under Code of Civil Procedure section 1161, subdivision 3. (5) Given the statutory basis of unlawful detainer law, parties must comply with the statutes, including the time periods specified therein, with exactitude. (See Kwok v. Bergren (1982) 130 Cal.App.3d 596, 599-600 [181 Cal.Rptr. 795].) Defendant has cited no authority which would excuse his failure to comply with the statute’s three-day notice provision by performing within seven days.
*Supp. 37 2. Retaliation
Defendant maintained in the trial court that he should be allowed to present the defense of retaliatory eviction. The court refused to instruct the jury on retaliatory eviction and ruled that a corresponding verdict form would not be given.
Retaliatory eviction is a defense based on state statute,[4] LARSO,[5] and the common law. (See Barela v. Superior Court (1981) 30 Cal.3d 244, 249-250 [178 Cal.Rptr. 618, 636 P.2d 582].) “ ‘It is settled that a landlord may be precluded from evicting a tenant in retaliation for certain kinds of lawful activities of the tenant. As a landlord has no right to possession when he seeks it for such an invalid reason, a tenant may raise the defense of retaliatory eviction in an unlawful detainer proceeding. [Citations.]’ [Citation.] The retaliatory eviction doctrine is founded on the premise that ‘[a] landlord may normally evict a tenant for any reason or for no reason at all, but he may not evict for an improper reason . . . .’ [Citation.]” (Id. at p. 249; see L.A. Mun. Code, § 151.09B.)
We do not decide whether the forfeiture clause rendered the retaliatory eviction defense inapplicable. Even assuming the court erred in determining retaliatory eviction was not a valid defense, reversal is unwarranted due to defendant’s failure to establish he was prejudiced by the error. “ ‘Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred.’ [Citation.] To establish prejudice, an appellant must show a reasonable probability exists that, in the absence of the error, he or she would have obtained a more favorable result. [Citation.]” (People ex rel. City of Santa Monica v. Gabriel (2010) 186 Cal.App.4th 882, 887 [112 Cal.Rptr.3d 574].)
Defendant had the burden to prove the retaliation defense at trial, and thus had the burden of producing evidence of retaliation. (See Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2015) ¶ 7:367, p. 7-177.) The record on appeal does not indicate what evidence defendant was going to use to support his burden.
*Supp. 38 Defendant asserted the defense of retaliatory eviction by checking off boxes in his form answer. Defendant indicated the notice to perform or quit and the unlawful detainer action were “filed to retaliate against the tenant for having done the following: [¶] Complaining to the landlord or landlord’s agent concerning tenantability. . . . [¶] Otherwise asserting tenant’s legal rights.” But defendant did not otherwise indicate what evidence supported the defense.
Plaintiff moved in one of its in limine motions to bar the use of defendant’s special verdict regarding retaliation. Although the proposed special verdict itself is not part of the record, plaintiff in its motion quoted the proposed verdict: “In seeking to evict [defendant] is [plaintiff’s] dominant intent retaliation against [defendant] for exercising his rights as a tenant?” This question appeared to be based on LARSO’s retaliatory eviction defense, which required proof of plaintiff’s “dominant intent,” but the motion failed to indicate what evidence supported the defense.
Further, in none of the arguments at the hearing on the in limine motions did defendant make an offer of proof regarding what evidence supported the defense. Moreover, the court, in refusing to provide the proposed special verdict concerning the defense, and in refusing to give the pattern jury instruction on the defense (CACI No. 4321), also did not indicate what evidence supported the defense.
Because the record does not show what evidence supported the defense of retaliatory eviction, we cannot find there was a reasonable probability that, had the defense been presented, defendant would have obtained a more favorable result at trial.
3. Good faith and fair dealing
Defendant requested the court provide the jury with an instruction titled “Affirmative Defense, Equitable Considerations.”[6] The court refused to give the instruction, and defendant on appeal contends the court erred in failing to instruct the jury on plaintiff’s “duty to act in good faith by not seeking to entrap [defendant] into a technical breach of the contract.”
“ ‘ “Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.” [Citation.]’ ” (Acree v. General Motors Acceptance Corp. (2001) 92 Cal.App.4th 385, 393 [112 Cal.Rptr.2d 99].) However, as pointed out by plaintiff, a leading treatise on landlord-tenant law states “no reported case to date recognizes the covenant *Supp. 39 of good faith and fair dealing as an independent affirmative defense to an unlawful detainer. [Citation.]” (Friedman et al., Cal. Practice Guide: Landlord-Tenant, supra, ¶ 8:384, p. 8-139.) Defendant cites two cases in support of his contention that a defense of good faith and fair dealing applied in this case. Sunstone Behavioral Health, Inc. v. Alameda County Medical Center (E.D.Cal., June 19, 2008, No. S-06-2664 FCD DAD) 2008 U.S.Dist. Lexis 50229 dealt with a psychiatric consulting services contract and has no application in the present case. Strom v. Union Oil Co. (1948) 88 Cal.App.2d 78 [198 P.2d 347] found a tenant’s failure to pay rent within a three-day notice period was excused because the landlord acted in bad faith in avoiding the tenant’s attempts to pay within the period. The present case does not involve plaintiff making it more difficult for defendant to obtain and pay for insurance within the three-day notice period. Defendant has not shown the court erred in refusing to give an instruction on good faith and fair dealing.
C. Waiver*
IV. DISPOSITION
The judgment is affirmed. Plaintiff to recover costs on appeal.
B. Johnson, J., concurred.

 The court further barred defendant from raising the defense of waiver, rejecting a jury instruction and special verdict form based on the defense.

 Given our standard of review, and because, when a judgment is correct, we “affirm it regardless of the trial court’s reasoning” (Cahill v. San Diego Gas & Electric Co. (2011) 194 Cal.App.4th 939, 956 [124 Cal.Rptr.3d 78]), we reject defendant’s contention we should reverse because the trial court improperly consulted unpublished appellate opinions in deciding how to rule on the legal issues presented. We also reject defendant’s contention reversal is warranted because the court improperly used in limine rulings, rather than statutory motions such as for judgment on the pleadings, to exclude evidence and eliminate instructions and special verdicts. The court correctly exercised its statutory and inherent powers to manage the case by deciding evidentiary and legal issues in advance of trial through the in limine motions. (See Code Civ. Proc., § 128; McMillin Cos., LLC v. American Safety Indemnity Co. (2015) 233 Cal.App.4th 518, 529 [183 Cal.Rptr.3d 26].) Moreover, defendant forfeited any contention regarding the propriety of the in limine motions by failing to object to the motions in the trial court. (See Araiza v. Younkin (2010) 188 Cal.App.4th 1120, 1127 [116 Cal.Rptr.3d 315].)

 Judicially imposed limits on adhesion contracts include “that such a contract or provision which does not fall within the reasonable expectations of the weaker or ‘adhering’ party will not be enforced against him. [Citations.] . . . [And] — a principle of equity applicable to all contracts generally — is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or ‘unconscionable.’ [Citations.]” (Graham v. Scissor-Tail, Inc., supra, 28 Cal.3d at p. 820, fn. omitted.) Defendant does not contend the lease agreement was a contract of adhesion, or that it was unconscionable, hence we do not opine on the merits of such contentions.

 Civil Code section 1942.5, subdivision (a), provides in relevant part, “If the lessor retaliates against the lessee because of the exercise by the lessee of his rights ... or because of his complaint to an appropriate agency as to tenantability of a dwelling, ... the lessor may not recover possession of a dwelling in any action or proceeding . . . .”

 Los Angeles Municipal Code section 151.09B, provides, in relevant part, “If the dominant intent of the landlord in seeking to recover possession of a rental unit is retaliation against the tenant for exercising his or her rights ... or because of his or her complaint to an appropriate agency as to tenantability of a rental unit, . . . then the landlord may not recover possession of a rental unit in any action or proceeding . . . .”

 Copies of the proposed instructions are not included in the record on appeal.

See footnote, ante, page Supp. 28.