Filed 10/1/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| BOSTON LLC, | ) | No. BV030948 |
| Plaintiff and Respondent, | ) ) ) | (Central Trial Court No. 14U02675) |
| v. | ) ) | |
| JUAN JUAREZ, | ) ) | |
| Defendant and Appellant. | ) ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leland B. Harris, Judge. Affirmed.

Allen R. King of the Law Office of Allen R. King, for Plaintiff and Respondent Boston LLC.

Robert J. Reed and Jessica Schibler, of Public Counsel, for Defendant and Appellant Juan Juarez.

\* \* \*

---

[*]Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.C.

1

## I. *INTRODUCTION*

Defendant and appellant Juan Juarez appeals the judgment in favor of plaintiff and respondent Boston LLC following an unlawful detainer court trial. Defendant contends the judgment should be reversed because the trial court improperly deprived him of defenses based on the breach of the rental agreement not being material. He also contends reversal is warranted because the court did not allow him to defend the case based on plaintiff's waiver. As discussed below, we affirm.

Regarding defendant's compliance with the terms of the parties' rental agreement, the agreement provided that "any failure of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter's right to possession." It was undisputed defendant breached the agreement by failing to timely obtain renter's insurance after being given notice and an opportunity to do so.

In the published portion of the opinion we hold that, because defendant did not contend the agreement constituted a contract of adhesion or that its enforcement was unconscionable, the trial court correctly determined the materiality of the breach was irrelevant. Under the facts of the present case, reversal is not warranted based on the court determining defendant's substantial compliance with the agreement, plaintiff's purported retaliatory motive, and its alleged lack of good faith and fair dealing, were inappropriate defenses.

In the unpublished portion of the opinion, we hold defendant failed to establish reversal is warranted due to the court's refusal to allow him to defend the action based on plaintiff's waiver. Defendant's motion to amend to assert the defense was noncompliant with the California Rules of Court, and he did not adequately develop an argument on appeal regarding how plaintiff waived the rental agreement's anti-waiver clause.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

2

On February 26, 2014, plaintiff filed an unlawful detainer action based on defendant's failure to perform covenants in the rental agreement, as described in an attached three-day notice. The notice listed three covenants that were violated, but plaintiff elected to proceed at trial on only one: defendant's failure to obtain and pay for renter's insurance, as required by paragraph 11 of the rental agreement. The notice informed defendant that if he failed to comply with the rental agreement within the three-day period, plaintiff would declare forfeiture of the agreement. The complaint alleged the notice period expired, and defendant did not comply and remained in possession of the property. Defendant filed an answer, generally denying the allegations in the complaint and asserting numerous affirmative defenses. The case was subsequently set for jury trial.

Prior to trial, defendant and plaintiff each filed in limine motions and trial briefs, and plaintiff filed objections to defendant's special verdict questions. The trial court considered the motions, briefs, and plaintiff's objections on April 11, 2014, and allowed the parties to restate their arguments at a hearing on April 15, 2014, which was transcribed and subsequently reported. At the April 15, 2014 hearing, the main issue concerned whether defendant substantially complied with the three-day notice by obtaining insurance one week after being given notice, and if, in any event, failure to obtain insurance was a material breach of the rental agreement.

Plaintiff argued, consistent with its written in limine motions and trial brief, that defendant should not be allowed to present evidence, have the jury instructed, or ask the jury to render special verdicts based on substantial compliance or the materiality of the breach. Plaintiff relied on paragraph 11 of the rental agreement, which provided, "Insurance: Owner does not insure Renter for any personal injury or property damage including, but not limited to, that caused by the act or omission of any other renter or third party, or by any criminal act or activity, war, riot, insurrection, fire or act of God. Renter shall obtain and pay for any insurance coverage necessary to protect Renter or Renter's property from any loss or expense that may be caused by such persons or events." Plaintiff also relied on one of the opening clauses of the rental agreement, which provided, in relevant part, "Owner and Renter agree that

3

Renter's performance of and compliance with each of the terms thereof, . . . constitute a condition on Renter's right to occupy the Premises and any failure of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter's right to possession." Plaintiff argued that since, pursuant to this forfeiture clause, "any failure of compliance or performance" by defendant constituted grounds for eviction, the materiality of the breach or defendant's substantial performance with the agreement was irrelevant.

Defendant, in turn, consistent with his written in limine motion and trial brief, argued plaintiff should not be allowed to argue to the jury or present evidence concerning the forfeiture clause. Defendant argued that this clause did not override other provisions of law which require a breach to be material in order to warrant rescission of a contract. Defendant also argued he substantially complied with the rental agreement.

The trial court determined the forfeiture clause rendered all breaches of the agreement to be material. Therefore, evidence regarding whether the breach of paragraph 11 constituted a substantial breach of an important obligation under the agreement was irrelevant, and jury instructions and verdict forms which related to the materiality of the breach would not be allowed. The court further ruled, as a consequence of its determination on the impact of the forfeiture clause, that other evidence, such as that related to the affirmative defenses of substantial compliance, retaliation, and good faith and fair dealing, was irrelevant, and that instructions and verdict forms based on the other evidence would also not be permitted.[1]

Following the court's ruling, the parties waived their right to a jury trial and stipulated to the facts of the case, and the court rendered judgment at a court trial based on the stipulated facts. The parties stipulated they entered into the rental agreement in 1999 and defendant had occupied an apartment on the property ever since. The property was subject to the City of Los Angeles Rent Stabilization Ordinance (LARSO) (L.A. Mun. Code, § 151.00 et seq.). The three-day notice was served on defendant on February 14, 2014, and defendant failed to comply with the notice's requirement that he obtain and pay for renter's insurance by its expiration on

---

[1]The court further barred defendant from raising the defense of waiver, rejecting a jury instruction and special verdict form based on the defense.

4

February 18, 2014. Based on the stipulated facts, the court rendered judgment in favor of plaintiff.

III. *DISCUSSION*

Because the issues in this case pertain to statutory construction, undisputed facts, and interpretation of the parties' rental agreement, we exercise de novo review. (See *Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1543-1544 [statutory construction is reviewed de novo]; *Cohn v. Corinthian Colleges, Inc.* (2008) 169 Cal.App.4th 523, 527 ["When an appeal presents a pure question of law, the appellate court exercises its independent judgment, giving no deference to the trial court's ruling"]; *Sierra Vista Regional Medical Center v. Bontá* (2003) 107 Cal.App.4th 237, 245 [contractual interpretation is subject to de novo review when the issue does not turn on the credibility of extrinsic evidence].)[2]

We address each of defendant's contentions separately in turn.

A. Materiality of Breach

Defendant contends the judgment should be reversed because he should have been allowed to present evidence that his breach of paragraph 11 of the agreement was not material. He further contends that, had the case proceeded to jury trial, jury instructions and special verdict forms pertaining to materiality and substantial compliance should have been allowed.

---

[2]Given our standard of review, and because, when a judgment is correct, we "affirm it regardless of the trial court's reasoning" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956), we reject defendant's contention we should reverse because the trial court improperly consulted unpublished appellate opinions in deciding how to rule on the legal issues presented. We also reject defendant's contention reversal is warranted because the court improperly used in limine rulings, rather than statutory motions such as for judgment on the pleadings, to exclude evidence and eliminate instructions and special verdicts. The court correctly exercised its statutory and inherent powers to manage the case by deciding evidentiary and legal issues in advance of trial through the in limine motions. (See Code Civ. Proc, § 128; *McMillin Cos., LLC v. American Safety Indemnity Co.* (2015) 233 Cal.App.4th 518, 529.) Moreover, defendant forfeited any contention regarding the propriety of the in limine motions by failing to object to the motions in the trial court. (See *Araiza v. Younkin* (2010) 188 Cal.App.4th 1120, 1127.)

The unlawful detainer action in the present case was based on Code of Civil Procedure section 1161, subdivision (3), due to defendant's "failure to perform . . . conditions or covenants of the lease or agreement under which the property is held . . . ." Even though not specifically provided by this section, case law requires that a breach be material in order to justify an unlawful detainer action. (See *NIVO 1 LLC v. Antunez* (2013) 217 Cal.App.4th Supp. 1, 5 [collecting cases].) Thus, "[w]hether a particular breach will give a plaintiff landlord the right to declare a forfeiture is based on whether the breach is material. 'The law sensibly recognizes that although every instance of noncompliance with a contract's terms constitutes a breach, not every breach justifies treating the contract as terminated. [Citations.] Following the lead of the Restatements of Contracts, California courts allow termination only if the breach can be classified as "material," "substantial," or "total." [Citations.]' [Citation.]" (*Ibid.*)

Nonetheless, "it is a general rule a party is bound by contract provisions" (*Williams v. California Physicians' Service* (1999) 72 Cal.App.4th 722, 739), and "[i]f contractual language is clear and explicit, it governs [citation]" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264). Even a contract of adhesion, "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it [citation]" (*Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 817), "is fully enforceable according to its terms [citations] unless certain other factors are present which, under established legal rules--legislative or judicial--operate to render it otherwise" (*id*. at pp. 819-820, fns. omitted).[3]

In the present case, paragraph 11 of the parties' agreement required that defendant obtain renter's insurance. If there had been no other provision regarding the materiality of breaches in the agreement, the question of whether the breach was material would have been one for the

_____

[3]Judicially imposed limits on adhesion contracts include "that such a contract or provision which does not fall within the reasonable expectations of the weaker or 'adhering' party will not be enforced against him. [Citations.] [And]--a principle of equity applicable to all contracts generally--is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or 'unconscionable.' [Citations.]" (*Graham v. Scissor-Tail, Inc.*, *supra*, 28 Cal.3d at p. 820, fn. omitted.) Defendant does not contend the lease agreement was a contract of adhesion, or that it was unconscionable, hence we do not opine on the merits of such contentions.

trier of fact to decide. (See *NIVO 1 LLC v. Antunez*, *supra*, 217 Cal.App.4th at p. Supp. 4.) But, the relevant part of the forfeiture clause in the parties' agreement provided, "Owner and Renter agree that Renter's performance of and compliance with each of the terms thereof, . . . constitute a condition on Renter's right to occupy the Premises and *any failure* of compliance or performance by Renter shall allow Owner to forfeit this agreement and terminate Renter's right to possession." (Italics added.) The clear and unambiguous terms of this clause permitted forfeiture of the agreement and termination of defendant's right to possession based on any breach, regardless of the breach's importance in relation to the entire agreement. Pursuant to the clause, evidence concerning the breach's materiality was irrelevant; hence there was no need for a jury to be instructed on the issue, or have it render special verdicts.

Cases cited by defendant for the proposition that a breach's materiality may be used to defend against an eviction are not on point, because none discuss the applicability of a forfeiture clause. (See, e.g., *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1051.) We are also not persuaded *Foundation Dev. Corp. v. Loehmann's* (1990) 163 Ariz. 438 (*Loehmann's*) warrants reversing the judgment in favor of plaintiff. *Loehmann's* considered portions of a lease which required that a tenant pay a common area charge within a specified amount of time or be subject to eviction. The court held that, notwithstanding the lease's forfeiture clause, which provided any breach would justify eviction, "a material provision of a lease may be breached in such a trivial manner that to enforce a forfeiture would be unconscionable and inequitable. [Citations.]" (*Id*. at p. 446.) We are not bound by *Loehmann's* (see *Amerigraphics, Inc. v. Mercury Casualty Co.* (2010) 182 Cal.App.4th 1538, 1553), but, more importantly, as previously discussed, defendant has not contended, and we do not consider, whether the forfeiture clause, or its enforcement, in the case *sub judice* was unconscionable. Further, *Loehmann's* stated "an overwhelming majority of courts has concluded, without reference to a specific statutory provision, that a lease may not be forfeited for a trivial or technical breach even where the parties have specifically agreed that 'any breach' gives rise to the right of termination." (*Loehmann's*, *supra*, 163 Ariz. at p. 445.)

But, none of the cases cited analyzed the enforceability of a clearly worded forfeiture clause in a residential lease, as in the present case.

Defendant further contends the forfeiture clause was invalid because it violated public policy. (See Civ. Code, § 1667 ["That is not lawful which is: [¶] 1. Contrary to an express provision of law; [¶] 2. Contrary to the policy of express law, though not expressly prohibited; or, [¶] 3. Otherwise contrary to good morals"].) Defendant argues the forfeiture clause violates public policy because it would allow evictions based on breaches regardless of their severity, meaning tenants could be evicted for violating covenants such as annoying other tenants (see rental agreement paragraph 12 ["Renter shall not . . . in any way annoy any other renter"].) Defendant claims allowing evictions for annoying conduct such as having a crying newborn or playing "displeasing music" would violate public policy, rendering the forfeiture clause invalid. The clause is not invalid as against public policy. The present case did not involve a breach of the character or magnitude as those propounded by defendant. In evictions based on three-day notices to perform or quit, as in the present case, breaches would only constitute valid grounds for eviction if they were not cured within the notice period, meaning tenants could not be evicted based on single incidents of annoying their neighbors.

Defendant further points out that LARSO only permits evictions based on breaches of *lawful* obligations or covenants of a tenancy, and argues that permitting evictions based on *any* breaches under the forfeiture clause would undermine LARSO. However, the breach at issue in the present case was for failure to obtain renter's insurance, and defendant does not maintain such a breach cannot constitute a lawful obligation of tenancy. (See L.A. Mun. Code, § 151.09, subd. (A)(2) [a valid basis for eviction under LARSO includes when "[t]he tenant has violated a lawful obligation or covenant of the tenancy and has failed to cure the violation after having received written notice from the landlord . . ."].) Further, because the eviction here did not concern an incurable breach (see Code Civ. Proc., § 1161, subd. (4)), and defendant was given three days to comply with the covenant, the purpose of LARSO that an eviction be based on an enumerated ground was satisfied.

8

B. Elimination of Defenses

*1. Substantial compliance*

Defendant argued in the trial court that he substantially complied with paragraph 11's requirement he obtain and pay for renter's insurance by obtaining the insurance seven days after he was served with the three-day notice. The trial court excluded evidence and a verdict form on the defense of substantial compliance.

Substantial compliance has been approved as a defense to a notice to quit based on an incurable breach of a rental agreement. (See *Roth v. Morton's Chefs Servs.* (1985) 173 Cal.App.3d 380, 385, 387.) But the eviction in this case was based on a three-day notice to perform or quit under Code of Civil Procedure section 1161, subdivision (3). Given the statutory basis of unlawful detainer law, parties must comply with the statutes, including the time periods specified therein, with exactitude. (See *Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599-600.) Defendant has cited no authority which would excuse his failure to comply with the statute's three-day notice provision by performing within seven days.

*2. Retaliation*

Defendant maintained in the trial court that he should be allowed to present the defense of retaliatory eviction. The court refused to instruct the jury on retaliatory eviction and ruled that a corresponding verdict form would not be given.

Retaliatory eviction is a defense based on state statute,[4] LARSO,[5] and the common law. (See *Barela v. Superior Court* (1981) 30 Cal.3d 244, 249-250.) "'It is settled that a landlord

[4]Civil Code section 1942.5, subdivision (a), provides in relevant part, "If the lessor retaliates against the lessee because of the exercise by the lessee of his rights . . . or because of his complaint to an appropriate agency as to tenantability of a dwelling, . . . the lessor may not recover possession of a dwelling in any action or proceeding . . . ."

[5]Los Angeles Municipal Code section 151.09, subdivision (B), provides, in relevant part, "If the dominant intent of the landlord in seeking to recover possession of a rental unit is retaliation against the tenant for exercising his or her rights . . . or because of his or her complaint to an appropriate agency as to tenantability of a rental unit, . . . then the landlord may not recover possession of a rental unit in any action or proceeding . . . ."

9

may be precluded from evicting a tenant in retaliation for certain kinds of lawful activities of the tenant. As a landlord has no right to possession when he seeks it for such an invalid reason, a tenant may raise the defense of retaliatory eviction in an unlawful detainer proceeding. [Citations.]' The retaliatory eviction doctrine is founded on the premise that '[a] landlord may normally evict a tenant for any reason or for no reason at all, but he may not evict for an improper reason . . . .' [Citation.]" (*Id*. at p. 249; see also L.A. Mun. Code, § 151.09, subd. (B).)

We do not decide whether the forfeiture clause rendered the retaliatory eviction defense inapplicable. Even assuming the court erred in determining retaliatory eviction was not a valid defense, reversal is unwarranted due to defendant's failure to establish he was prejudiced by the error. "'Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred.' [Citation.] To establish prejudice, an appellant must show a reasonable probability exists that, in the absence of the error, he or she would have obtained a more favorable result. [Citation.]" (*People ex rel. City of Santa Monica v. Gabriel* (2010) 186 Cal.App.4th 882, 887.)

Defendant had the burden to prove the retaliation defense at trial, and thus had the burden of producing evidence of retaliation. (See Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2014) ¶ 7:367, p. 7-174.) The record on appeal does not indicate what evidence defendant was going to use to support his burden.

Defendant asserted the defense of retaliatory eviction by checking off boxes in his form answer. Defendant indicated the notice to perform or quit and the unlawful detainer action were "filed to retaliate against the tenant for having done the following: [¶] Complaining to the landlord or landlord's agent concerning tenantability. . . . [¶] Otherwise asserting tenant's legal rights." But defendant did not otherwise indicate what evidence supported the defense.

Plaintiff moved in one of its in limine motions to bar the use of defendant's special verdict regarding retaliation. Although the proposed special verdict itself is not part of the record, plaintiff in its motion quoted the proposed verdict: "In seeking to evict [defendant] is

10

[plaintiff's] dominant intent retaliation against [defendant] for exercising his rights as a tenant?" This question appeared to be based on LARSO's retaliatory eviction defense, which required proof of plaintiff's "dominant intent," but the motion failed to indicate what evidence supported the defense.

Further, in none of the arguments at the hearing on the in limine motions did defendant make an offer of proof regarding what evidence supported the defense. Moreover, the court, in refusing to provide the proposed special verdict concerning the defense, and in refusing to give the pattern jury instruction on the defense (CACI No. 4321), also did not indicate what evidence supported the defense.

Because the record does not show what evidence supported the defense of retaliatory eviction, we cannot find there was a reasonable probability that, had the defense been presented, defendant would have obtained a more favorable result at trial.

### 3. Good faith and fair dealing

Defendant requested the court provide the jury with an instruction titled "Affirmative Defense, Equitable Considerations."[6] The court refused to give the instruction, and defendant on appeal contends the court erred in failing to instruct the jury on plaintiff's "duty to act in good faith by not seeking to entrap [defendant] into a technical breach of the contract."

"'"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." [Citation.]'" (*Acree v. Gen. Motors Acceptance Corp.* (2001) 92 Cal.App.4th 385, 393.) However, as pointed out by plaintiff, a leading treatise on landlord-tenant law states "no reported case to date recognizes the covenant of good faith and fair dealing as an independent affirmative defense to an unlawful detainer. [Citation.]" (Friedman et al., Cal. Practice Guide: Landlord-Tenant, *supra*, ¶ 8:384, p. 8-139.) Defendant cites two cases in support of his contention that a defense of good faith and fair dealing applied in this case. *Sunstone Behavioral Health, Inc. v. Alameda County Medical Center* (E.D.Cal., June 19, 2008, No. S-06-2664 FCD DAD) 2008 U.S.Dist. Lexis 50229, dealt with a psychiatric

---

[6]Copies of the proposed instructions are not included in the record on appeal.

consulting services contract and has no application in the present case. *Strom v. Union Oil Co.* (1948) 88 Cal.App.2d 78 found a lessee's failure to pay rent within a three-day notice period was excused because the lessor acted in bad faith in avoiding the tenant's attempts to pay within the period. The present case does not involve plaintiff making it more difficult for defendant to obtain and pay for insurance within the three-day notice period. Defendant has not shown the court erred in refusing to give an instruction on good faith and fair dealing.

C. Waiver  [Not Certified for Publication]

Defendant in his answer checked off the box which read, "Plaintiff with full knowledge of defendant's alleged breach and the facts surrounding said breach, intentionally waived and relinquished the right to declare a [b]reach and forfeiture of the tenancy." Defendant further checked the box below this allegation, which stated, "Landlord accepted rent with actual and/or constructive knowledge of the alleged breach. As a result, landlord has waived the alleged breach."

At the hearing on April 15, 2014, defendant requested to file an amended answer which would have additionally alleged the affirmative defense that plaintiff waived its right to evict him using the February 14, 2014 three-day notice by serving him on February 26, 2014, with a second three-day notice. Defendant stated at the hearing that the February 26 notice commanded defendant to comply or quit with the rental agreement's covenant regarding annoying neighbors, and concerned defendant disturbing his neighbors with noise.[7]

The court denied defendant's request to amend the answer, determining it was not a defense that plaintiff served a second notice, and refused to provide a special verdict form which would have asked whether plaintiff waived the February 14 notice to perform by filing the February 26 notice. Additionally, the court also barred defendant from defending the case based on waiver due to plaintiff accepting rent, as alleged in defendant's original answer, and further rejected the use of defendant's jury instruction titled "Affirmative Defense, Anti-waiver

_____

[7]A copy of the February 26 notice is not part of the record on appeal.

12

Provision Can't Be Waived." The court found that the rental agreement's anti-waiver clause[8] precluded a defense based on acceptance of rent.

Defendant contends on appeal the court erred in precluding the defense of waiver. Defendant argues he should have been allowed to present his waiver defense because plaintiff waived "the notice to quit through service of a subsequent notice and by accepting rent for 14 years without enforcing the renter's insurance covenant." We reject the contention.

Defendant's oral motion to amend the answer failed to comply with California Rules of Court, rule 3.1324, which requires a copy of the amended pleading be provided, accompanied by a declaration regarding why the amendment was necessary. Since his claim of waiver due to the February 26 notice was not in his original answer, and the proposed amendment was improper, reversal is not warranted based on the court precluding defendant from defending the case based on waiver on this ground. Moreover, defendant cites no case which holds that the service of a three-day notice concerning a breach of a covenant different than a previously served notice waives proceeding in unlawful detainer on the previously served notice. We accordingly pass on the argument concerning waiver based on the February 26 notice without further consideration. (See *Troensegaard v. Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228; Cal. Rules of Court, rule 8.883(a)(1)(A).)

With respect to waiver by accepting rent, "[a]s a general rule, landlords waive a tenant's breach of covenant, and thus the right to evict based on that breach, by accepting rent with full knowledge of the facts constituting the breach. [Citations.]" (Friedman et al., Cal. Practice Guide: Landlord-Tenant, *supra*, ¶ 2:506, p. 2B-209, italics omitted.) However, "[t]he tenant's breach is not waived where a written rental agreement expressly states the landlord's acceptance of rent after a breach . . . does not itself constitute a waiver of the covenant for the future. [Citations.]" (*Id*. at ¶ 2:508, p. 2B-210.)

---

[8] Paragraph 14 of the rental agreement provided, in relevant part, "Owner's acceptance of rent with knowledge of any default by Renter shall not be deemed a waiver of such default, nor limit Owner's rights with respect to that or any subsequent default."

In the present case, the anti-waiver clause in the agreement expressly stated that plaintiff's "acceptance of rent with knowledge of any default by" defendant "shall not be deemed a waiver of such default," nor would it limit plaintiff's "rights with respect to that or any subsequent default." The anti-waiver clause thus foreclosed defendant's defense in its answer that plaintiff "accepted rent with actual and/or constructive knowledge of the alleged breach."

Defendant on appeal points out that "an anti-waiver provision can be waived." We agree that an anti-waiver clause may, itself, be waived, but such a "provision would militate against a finding of waiver under most circumstances." (*Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1180 [holding a finding that waiver failed to occur based on an anti-waiver clause would have been "absurd, not to mention unconscionable"].) Defendant does not elaborate how the express terms of the agreement's anti-waiver clause could have been waived in the present case. "'Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there.' [Citation.]" (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.) "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties. [Citation.]" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) We conclude defendant has failed to demonstrate the court erred in barring him from defending the case due to plaintiff's waiver in accepting rent.

[The balance of the Opinion is to be published.]

IV. *DISPOSITION*

The judgment is affirmed. Plaintiff to recover costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**

_____
RICCIARDULLI, J.

I concur:

14

_____
B. JOHNSON, J.

I respectfully dissent.

The trial court erred by ruling that, solely because the lease allowed for forfeiture based on "any" breach, it was unnecessary for the landlord to prove the breach was material in order to prevail on his unlawful detainer action. The court's error was prejudicial because, if a trier of fact had applied the law defining a "material breach" to the undisputed facts of the case, it is reasonably probable, and indeed quite likely, a trier of fact would have determined the breach was not material.

The law governing contractual breaches is settled. "[A]lthough every instance of noncompliance with a contract's terms constitutes a breach, not every breach justifies treating the contract as terminated. [Citations.] Following the lead of the Restatements of Contracts, California courts allow termination only if the breach can be classified as 'material,' 'substantial,' or 'total.' [Citations.]" (*Superior Motels, Inc. v. Rinn Motor Hotels, Inc*. (1987) 195 Cal.App.3d 1032, 1051 (*Superior Motels*); see also *Medico-Dental Bldg. v. Horton & Converse* (1942) 21 Cal.2d 411, 433 [a breach of a contractual right in a trivial or inappreciable respect will not justify rescission of the agreement by the party entitled to the benefit in question]; *Strom v. Union Oil Co.* (1948) 88 Cal.App.2d 78, 81-85.) "'[W]hether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact.' [Citations.]" (*Superior Motels*, *supra*, 195 Cal.App.3d at pp. 1051-1052.)

Here, the trial court ruled the materiality of the breach at issue was not a question for the trier of fact because the language in the lease allowed for forfeiture upon "any" breach. In determining the trial court's ruling was proper, the majority holds it is appropriate to circumvent the requirement that contractual forfeiture must be triggered by a *material* breach where, as in this case, a lease specifies that the failure to comply with a

1

term will allow the landlord to forfeit the agreement and terminate the tenant's right to possession.

The rule created by the majority is contrary to decades of jurisprudence requiring a breach to be material in order to justify contractual forfeiture. Neither the majority nor the landlord cite any published authority in California or any other state standing for the proposition that a lease is properly subject to forfeiture upon an immaterial breach.

In fact, a plethora of published authority has held to the contrary. In deciding forfeiture for a trivial breach of a lease should not be enforced, the Arizona Supreme Court recognized as much:[1] "[A]n overwhelming majority of courts[2] has concluded, without reference to a specific statutory provision, that a lease may not be forfeited for a trivial or technical breach even where the parties have specifically agreed that 'any breach' gives rise to the right of termination. [Citation.] These courts note the sophistication and complexity of most business interactions and are concerned, therefore, that the possibilities for breach of a modern commercial lease are virtually limitless. In their view, the parties to the lease did not intend that every minor or technical failure to adhere to complicated lease provisions could cause forfeiture. Accordingly, nearly all courts hold that, regardless of the language of the lease, to justify forfeiture, the breach must be 'material,' 'serious,' or 'substantial.'" (*Foundation Dev. Corp. v. Loehmann's* (1990) 163 Ariz. 438, 445 (*Loehmann's*).)

---

[1]"Decisions of the courts of other states are regarded as persuasive in varying degrees depending on the point involved." (9 Witkin, Cal.Procedure (4th ed. 1997) Appeal, § 940, p. 980.) There are no California cases addressing the propriety of forfeiting *a lease* (as opposed to another type of contract) solely based on the tenant's trivial breach.

[2]In a footnote, the Arizona Supreme Court cited cases from various jurisdictions holding, in a variety of circumstances, that materiality was a factor in determining whether forfeiture was warranted. (*Foundation, supra*, 163 Ariz. at p. 445, fn. 10.) Those jurisdictions included, the First Circuit Court of Appeals, California, Connecticut, Georgia, Illinois, Iowa, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Texas, Vermont, Virginia, and Wisconsin. (*Ibid.*)

The majority seem to distinguish *Loehmann's* on the ground that the tenant in the *Loehmann's* argued the breached term of the contract was unconscionable. The majority is mistaken as unconscionability was not the dispute in *Loehmann's*. The Arizona Supreme Court characterized the issue before it as follows: "The trial court ruled that Loehmann's delay in paying a common area charge was a trivial breach of its lease and therefore refused to permit the landlord, Foundation Development Corporation (Foundation), to re-enter and take possession of the leased premises. The court of appeals reversed. We granted review to clarify the law dealing with triviality of breach as a defense to a forfeiture of a tenant's interest in a commercial lease. [Citation.]" (*Loehmann's*, *supra*, 163 Ariz. at p. 439.)[3]

In pertinent part, the Arizona Supreme Court summed up its holding as follows: "[W]e decline to hold that any breach, no matter how trivial or insignificant, can justify a forfeiture. Nor do we believe such a rule could long survive. Trivial or not, the delay in paying the rent here was at most three days. What if the breach had been three hours instead of three days or the check had been lost in the mail and came at three minutes after midnight? The questions almost answer themselves. Therefore, we now join the overwhelming majority of jurisdictions that hold the landlord's right to terminate is not unlimited. We believe a court's decision to permit termination must be tempered by notions of equity and common sense. We thus hold a forfeiture for a trivial or immaterial breach of a commercial lease should not be enforced." (*Loehmann's*, *supra*, 163 Ariz. at pp. 445-446.)

It is true that, in identifying the "[s]tandard for [e]valuating the [t]riviality of a [b]reach," *Loehmann's* stated, "we believe a material provision of a lease may be breached in such a trivial manner that to enforce a forfeiture would be unconscionable

---

[3]Although *Loehmann's* considered the breach of a provision in a commercial lease, the majority provide no reason for treating a residential lease any different.

and inequitable.  [Citations.]"  (*Id.* at p. 446.)  But, the Arizona Supreme Court was not suggesting unconscionability was a defense asserted by Loehmann's.  Rather, it was simply pointing out that forfeiture, based on trivial breaches, may be unconscionable and unreasonable.  *Loehmann's* contains no discussion concerning the defense of unconscionability as such a defense was not at issue.

By ruling all breaches, regardless of materiality, warranted forfeiture of the lease, the trial court improperly removed the issue from the trial.  The question then becomes whether the court's error was prejudicial.  (Cal. Const., art. VI, § 13 [judgment cannot be reversed unless trial court error resulted in a miscarriage of justice]; *Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069 [prejudice exists if there is a reasonable probability a result more favorable to the appealing party would have been reached in the absence of the error].)  Given the undisputed facts, it was.

"Cardozo had occasion to examine the distinction between material and inconsequential breaches in his landmark decision regarding substantial performance of a construction contract.  'The courts never say that one who makes a contract fills the measure of his duty by less than full performance.  They do say, however, that an omission, both trivial and innocent, will sometimes be atoned for by allowance of the resulting damage, and will not always be the breach of a condition to be followed by a forfeiture.'  [Citation.]  'Where the line is to be drawn between the important and the trivial cannot be settled by a formula. . . .  The question is one of degree, . . .  We must weigh the purpose to be served, the desire to be gratified, the excuse for deviation from the letter, the cruelty of enforced adherence . . . .  [The] law will be slow to impute the purpose, in the silence of the parties, where the significance of the default is grievously out of proportion to the oppression of the forfeiture.'  [Citation.]"  (*Superior Motels*, *supra*, 195 Cal.App.3d at p. 1051, citing and quoting *Jacob & Youngs, Inc. v. Kent* (1921) 230 N.Y. 239, 241, 243-244.)

4

Fifteen years after the lease was signed, the landlord demanded the tenant obtain renter's insurance. But, although said insurance was a term of the lease, the absence of it did not impact the landlord's profit margin or, in any way, increase the landlord's exposure to liability. Indeed, the purpose of the insurance was to protect the tenant, not the landlord.[4]

The landlord served the three-day notice by posting it on February 14, 2014—a Friday. Given the following two days constituted a weekend, it is reasonable to conclude the options of open and available rental insurance companies were limited. In any event, the tenant's compliance was a mere four days after the three–day notice expired.

The tenant was prejudiced by the trial court's error because, based on the record, this was not a close case when it came to triviality. Setting aside what could have been the unseemly motives of the landlord, if any breach of a lease is immaterial, it appears to be the breach in this case. I would reverse the judgment.

_____
KUMAR, Acting P. J

---

[4]The clause states, in part: "Renter shall obtain and pay for any insurance coverage necessary *to protect Renter or Renter's property* for any loss or expense caused by [certain specified acts or persons]." (Italics added.)

5